WALTER HENRICKS *et al.*, Plaintiffs-Appellees, *v.* NYBERG, INC., *et al.*, Defendants-Appellants.

First District (1st Division)   No. 62799

Opinion filed July 26, 1976.

Ruff & Grotefeld, Ltd., of Chicago (Robert J. Klovstad, of counsel), for appellants.

Smith & Munson, Ltd., of Chicago (Robert E. Byrne, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs Walter Henricks and Agnes Henricks sued defendants Nyberg, Inc., and Hotlinc Company for injuries allegedly received in a fire in a hotel owned and operated by defendants. The jury returned a verdict in favor of Walter Henricks in the amount of $40,000 and in favor of Agnes Henricks in the amount of $5,000. Defendants appeal, claiming error in the admission of evidence, in the instructions to the jury and in the failure to direct a verdict for defendants.

Defendants own and operate the Lincoln Hotel located adjacent to Lincoln Park in Chicago. On the afternoon of May 26, 1972, plaintiffs checked into defendants' hotel and were assigned Room 807.

Sometime early the next morning a fire broke out in Room 818, which was occupied by Andrew Kapsalis, another guest in the hotel. Plaintiffs do not contend that defendants were in any way responsible for the fire's origin. Subsequent fire department investigation disclosed that the fire originated in the room's bedding material and was probably ignited by carelessly discarded smoking materials. The fire was discovered at 4:10 a.m. Claudine Valvero, the switchboard operator, and Sidique Scharatt, the desk clerk, were on duty at the desk in the hotel. Miss Valvero first called the fire department and then all the hotel residents, beginning with the rooms on the eighth floor.

The firemen went to the eighth floor to evacuate the residents and extinguish the fire in Room 818. Plaintiffs were evacuated and admitted to Augustana Hospital at 4:30 a.m. Both were suffering from smoke inhalation. Mr. Henricks was unconscious upon arrival at the hospital and was put in intensive care. He remained in the hospital for three weeks under treatment of Dr. Joseph H. Brown.

At trial, plaintiffs introduced several sections of chapter 90 of the Chicago Municipal Code into evidence. (Secs. 90—17, 90—61.1, 90—61.2, 90—61.4, 90—61.5, 90—61.6.) One of these sections (sec. 90—61.1) required that certified desk clerks be on duty in hotels within the city at all times during the day. Defendants objected that this ordinance was irrelevant and that in any event the desk clerk on duty at the time of the occurrence was, in fact, certified. The court overruled the objection.

In addition, plaintiffs introduced sections 64—4, 64—4.1 and 64—4.2 of chapter 64 of the Chicago Municipal Code which require a hotel to provide one fire extinguisher per four thousand square feet of floor area. Defendants objected that such evidence was also irrelevant because there

was no evidence in the record which indicated that the presence of more fire extinguishing equipment would have prevented or even mitigated plaintiffs' injuries. The court overruled the objection.

Plaintiffs also introduced portions of chapter 90 of the Chicago Municipal Code. (Secs. 90—7, 90—9(e), 90—10.2(b).) Chapter 90 sets forth standards for various types of fire equipment and the portion presented to the jury dealt with requirements for fire alarm systems in particular types of buildings. Defendants objected that this provision was irrelevant because their hotel was not regulated by it because of its fire-resistant construction. The trial court also overruled this objection.

At the end of the trial, and over defendant's objection, the court instructed the jury as to all of those provisions of the Municipal Code. Defendants contend that the court's admission of and the instructions given as to the provisions of the Municipal Code were error because none of the evidence introduced at the trial established a causal relationship between defendants' alleged violation of these ordinances and plaintiffs' injuries.

The violation of a statute creates no liability unless the violation is the proximate or legal cause of the claimed injuries. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

■■ Plaintiffs alleged that defendants failed to have a certified desk clerk on duty. There is evidence in the record that the desk clerk was certified and on duty. There is also evidence which might be construed that he was not certified. Because lack of certification might conceivably have had a relation to plaintiffs' injuries under the evidence in the record before us, it cannot be said that it was reversible error to introduce section 90—61.1 into evidence and to instruct the jury as to its terms.

■■ Plaintiffs alleged that defendants failed to provide the requisite number of fire extinguishers in their hallways. The record, however, is silent as to how plaintiffs' injuries could have been prevented or even mitigated by the presence of more fire extinguishing equipment. Mrs. Henricks testified that she and her husband remained in their room until they were rescued by firemen. Consequently, the admission into evidence of sections 64—4, 64—4.1 and 64—4.2 of the Chicago Municipal Code relating to fire extinguishers and the instructing of the jury as to their provisions were irrelevant to plaintiffs' cause of action.

■■ Similarly irrelevant were the provisions of chapter 90 of the Chicago Municipal Code concerning fire alarm systems because Mrs. Henricks' testimony indicated that plaintiffs were awake and aware of the fire at the time defendants' employees were notifying the guests. In addition, the record shows that because of the hotel's fire-resistant construction, it was exempted by chapter 64, section 64—3, of the Chicago Municipal Code from the requirements of chapter 90.

The admission of these irrelevant provisions and the instructions as to them could serve only to mislead the jury into believing that they were relevant and imposed liability on defendants. This severely prejudiced defendants and constituted reversible error.

Because the cause is being remanded for a new trial, we express no opinion as to the trial court's denial of defendants' motion for a directed verdict. One other matter, however, requires comment. Over objection, Dr. Brown who had treated plaintiffs at Augustana Hospital was permitted to testify as to the prognosis he made on the day Mr. Henricks was released from the hospital. He testified that at that time his prognosis was guarded because Walter Henricks had arteriosclerosis and that that condition is usually aggravated by the introduction of any irritant into the blood stream.

■■ It has long been established that an opinion held by an expert *at the time of trial* is the only opinion evidence which may be considered by the trier of fact. (*Lyons v. Chicago City Ry. Co.* (1913), 258 Ill. 75, 101 N.E. 211.) Plainly, Dr. Brown's testimony concerning the prognosis he made three years prior could not represent an opinion which he held at the time of trial. Accordingly, it should not have been admitted. Further, because expert opinion testimony must be founded upon facts and not conjecture (*Lyons v. Chicago City Ry. Co.* (1913), 258 Ill. 75, 101 N.E. 211; *Manion v. Brant Oil Co.* (1967), 85 Ill. App. 2d 129, 229 N.E.2d 171), a present opinion based upon an examination conducted three years prior would be unreliable and therefore improper.

The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

BURKE and SIMON, JJ., concur.