PATRICE WILSON, Plaintiff-Appellee, v. CHICAGO TRANSIT AUTHOR-ITY *et al.*, Defendants-Appellants.

First District (5th Division) No. 86—0504

Opinion filed August 14, 1987.—Rehearing denied September 11, 1987.

Joyce Hughes, of Chicago Transit Authority, of Chicago (Alfred J. Paul and Joseph P. Basile, of counsel), for appellants.

Robert C. Moore and Bernard R. Nevoral, both of Bernard R. Nevoral & Associates, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by defendant, the Chicago Transit Authority (the CTA) from a jury award in the amount of $18,900 in favor of plaintiff, Patrice Wilson (Wilson), in a negligence action. For the reasons set forth below, we affirm.

On January 16, 1982, Wilson was injured when she alighted from a CTA bus at 99th and Hamilton Avenue in Chicago. On August 22, 1982, she filed suit against the CTA and its bus driver, Larry Williams (Williams). During trial, plaintiff called Dr. Michael Treister, one of her two treating physicians, to testify. Treister, a specialist in orthopedic surgery, treated Wilson as a consultant from January 26, 1982, to April 24, 1982. Treister had been requested by Dr. Ernest Languito, Wilson's family practitioner, to render an opinion and make recommendations as to her treatment. After April 1982, Treister did not see Wilson as a patient again until the time of trial in November 1985. When asked to testify as to the permanency of Wilson's injury, the trial court initially sustained the CTA's objection to Treister's testimony based upon the fact that Treister had not conducted a recent physical examination of Wilson. It is a rule that an opinion held by an expert at the time of trial is the only evidence that may be considered by the trier of fact. A present opinion based upon an examination a number of years prior to trial cannot represent an opinion at the time of trial. (*Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25, 353 N.E.2d 273.) After an offer of proof by plaintiff, however, Treister testified that he examined Wilson during the noon recess of trial, one hour before being called to testify, and stated that a nerve root irritation suffered by Wilson was permanent.

The jury subsequently found that the total damages suffered by Wilson amounted to $21,000. It also found, however, that 10% of Wilson's damages was proximately caused by her own negligence and, accordingly, awarded her $18,900. The court entered its judgment on November 15, 1985, and, on the same day, dismissed Williams as a defendant by agreement of the parties. On January 24, 1986, the court denied the CTA's motion for new trial and remittitur.

On appeal, the CTA contends that: (1) the trial court abused its discretion in allowing Wilson's medical expert, Dr. Michael Treister (Treister) to testify as to the permanency of Wilson's injury in violation of Supreme Court Rule 220; (2) the trial court erred in refusing to permit it to cross-examine Treister with respect to his bias, interest, and motive for testifying on behalf of Wilson; and (3) it was denied a fair trial as a result of comments made by Wilson's counsel that Williams was no longer driving a CTA bus.

Supreme Court Rule 220 (103 Ill. 2d R. 220), which governs the disclosure of expert witnesses, provides, in pertinent part:

> "An expert is a person who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and *who may be expected to render an opinion within his expertise at trial.* * * *
> * * *
> Where the testimony of experts is reasonably contemplated, the *parties* will act in good faith to seasonably:
> > (i) ascertain the identity of such witnesses, and
> > (ii) obtain from them the opinions upon which they *may be requested to testify.*
> * * * Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." (Emphasis added.) (103 Ill. 2d Rules 220(a)(1), (b)(1).)

Recently this court held that a treating physician did not fall within the parameters of an expert under Rule 220. *Diminskis v. Chicago Transit Authority* (1987), 155 Ill. App. 3d 585, 508 N.E.2d 215, *leave to appeal pending* (filed June 3, 1987), Docket No. 65336.

Under the Supreme Court Rule 220 (103 Ill. 2d R. 220) an expert for the purposes of the rule is one who is retained for the purpose of rendering trial testimony. It does not include as an expert a treating physician who obtains his opinion by assisting a patient. In this case Treister assisted the patient by treating her and testified to that treatment and to the fact that her injuries could have been caused by

the fall suffered by her. Treister, in fact, was called by Wilson's doctor to render an opinion as an orthopedic consultant and to recommend treatment when Wilson was admitted to the Central Community Hospital. Treister saw and treated Wilson in the hospital on January 26, 1982. He saw her in his office on February 9, 1982, February 18, 1982, March 10, 1982, April 19, 1982, and April 29, 1982. His testimony as to the permanency of her injury was based on an examination of Wilson at Treister's office on the day of trial.

■ Dr. Treister was not an expert within the contemplation of Supreme Court Rule 220 (103 Ill. 2d R. 220). His opinion was one held by him at the time of trial and not one based on a prognosis of three or four years before, as was the doctor's opinion at issue in the case relied on by the CTA, *i.e., Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25, 353 N.E.2d 273. Further, the CTA knew or should have known that Treister was to be called as a witness. He was listed on the statutory notice of injury to the CTA as one of Wilson's treating physicians and in her answer and amended answers to the CTA's interrogatories.

■ The purpose of the statute requiring notice to local governmental agencies is to give timely notice of injuries so that there can be an investigation and prompt settlement of meritorious claims. (*Cooney v. Society of Mt. Carmel* (1979), 75 Ill. 2d 430, 389 N.E.2d 549.) The notice listing Treister as a treating physician was given on March 22, 1982, 65 days after the event. Treister testified on November 14, 1985, over three years later. The CTA apparently did nothing to take his deposition or investigate.

■ The CTA's claims of surprise and violation of discovery rules are without substantive merit. As a matter of fact, the CTA's trial lawyer effectively attacked Dr. Treister's testimony in his closing argument. His argument may be the reason the jury returned such a modest verdict; with medical bills totalling $4,760.94, an award of $18,900 would not be held excessive even with testimony of lack of permanency.

■ The CTA's next claim of error revolves around the trial court's refusal to permit the CTA lawyer to ask Treister two questions to show bias, interest and motive. The two questions involved how many times Treister had testified in court in the past three years and whether on those occasions he testified only on behalf of plaintiffs. The record reflects that the CTA attorney desired to ask questions revealing that Treister testified 16 times in 1983 and 1984 and each time it had been for a plaintiff. The court sustained Wilson's objection to the question.

In discussing the limitations on cross-examination to show bias, interest or prejudice, the Illinois Supreme Court in *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, 411, 466 N.E.2d 210, indicated that "[s]uch cross-examination should be strictly limited to the number of referrals, their frequency, and the financial benefits derived from them." The trial court's ruling in this case indicates its attempt to follow this decision of the supreme court. The CTA's questions did not seek to cross-examine on the number of referrals from plaintiff's attorney, but on the number of times he testified for plaintiffs generally. We do not consider the trial court's conclusion not to allow the expansion of cross-examination from that contemplated by the *Sears* case as an evidentiary error entitling the CTA to a reversal of the jury's determination.

■ With respect to the CTA's final claim that it was denied a fair trial by the comment of Wilson's counsel that the bus driver was no longer driving a CTA bus, the record discloses that as soon as Wilson's counsel asked the question and the CTA's counsel objected thereto, the trial judge stated, "I said, don't ask the question again when he just stated the objection." The question was neither answered nor the question repeated.

Prejudicial remarks are cured by an immediate, sustained objection. (*Carlasare v. Wilhelmi* (1985), 134 Ill. App. 3d 1, 479 N.E.2d 1073.) Although the remarks of plaintiff's counsel were prejudicial, any adverse effect was cured by the trial judge's prompt sustaining of the CTA's counsel's objection to the remarks. They did not, therefore, constitute reversible error.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.