BEN FAWCETT *et al.*, Plaintiffs-Appellees, v. RAOUL REINERTSEN *et al.*, Defendants-Appellants (Graham Hospital Association, Defendant).

Third District No. 3—87—0615

Opinion filed May 4, 1988.

Roger R. Clayton and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Franklin L. Renner, of Littler, Renner, Howard & Wombacher, of Peoria, for appellees.

JUSTICE SPITZ delivered the opinion of the court:

On November 14, 1985, plaintiffs Ben Fawcett, Gretchen Fawcett, and their daughter, Brooke Fawcett, filed a medical malpractice action in the circuit court of Knox County against Dr. Raoul Reinertsen, Dr. Dennis Cappitelli and Graham Hospital Association, alleging, *inter alia*, that the defendants' negligent care, diagnoses and surgical procedures surrounding the birth of Brooke Fawcett caused the pre-term birth of the child with resultant defects. Codefendant Graham Hospital Association is not directly involved in the instant appeal. Subsequently, the matter was removed to the circuit court of Fulton County on the defendants' motion. Preliminary pretrial was set for June 3, 1986. On June 4, 1986, an order was entered requiring plaintiffs to identify their expert witnesses by April 15, 1987, and requiring the defendants to identify their experts by June 15, 1987.

On January 30, 1987, plaintiffs notified defendants that the discovery deposition of defendant Dr. Reinertsen would be taken on

March 5, 1987. On March 9, 1987, the discovery deposition of defendant Dr. Cappitelli was taken. During both of these depositions, plaintiffs asked defendants questions as to the applicable standard of care. Defense counsel objected to these questions, arguing that the defendant physicians had not been previously identified as expert witnesses pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), and that the questions related to matters of expert opinion. Defense counsel then directed the defendants not to answer the questions relating to the standard of care.

On March 16, 1987, plaintiffs filed a motion to compel answers to oral interrogatories and a motion to extend time for submission of expert witnesses. Memoranda in opposition and in support were subsequently submitted. Then on April 2, 1987, the trial court issued a memorandum opinion compelling defendant physicians to answer the deposition questions regarding standard of care and practice. Defendants refused to answer such questions, and on July 13, 1987, plaintiffs filed a motion to find the defendants in contempt for failing to appear for the court-ordered depositions. On August 12, 1987, defense counsel was found in contempt for failing to comply with the prior order compelling the defendants to answer the questions relating to the standard of care and fined $25. Defendants now appeal, requesting this court to reverse the trial court's orders of April 2, 1987, and August 12, 1987.

Defendants' sole contention on appeal is that a party defendant in a medical malpractice action cannot be compelled to give expert testimony at a discovery deposition regarding the relevant standard of care, unless the physician has been disclosed as an expert witness pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220). The plaintiff, relying upon a decision by the First District Appellate Court (*Diminskis v. Chicago Transit Authority* (1987), 155 Ill. App. 3d 585, 508 N.E.2d 215), argues that the defendants are treating physicians and, therefore, are not subject to Rule 220 (107 Ill. 2d R. 220), which requires the disclosure of expert witnesses.

Supreme Court Rule 220 (107 Ill. 2d R. 220) provides in pertinent part:

"(b) Disclosure.

(1) *Expert witness.* Where the testimony of experts is reasonably contemplated, the parties will act in good faith to seasonably:

(i) ascertain the identity of such witnesses, and

(ii) obtain from them the opinions upon which they may be requested to testify.

In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. *** Upon disclosure, the expert's opinion may be the subject of discovery as provided in paragraph (c) hereof. Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness."

Rule 220 defines an expert witness as:

"[A] person who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and who may be expected to render an opinion within his expertise at trial. He may be an employee of a party, a party, or an independent contractor." (107 Ill. 2d R. 220(a)(1).)

Our research has revealed no reported decisions which directly address the issue before this court. However, two courts have been confronted with similar issues and those decisions are instructive here.

In *Diminskis v. Chicago Transit Authority* (1987), 155 Ill. App. 3d 585, 508 N.E.2d 215, the court addressed the question of whether a plaintiff is required to disclose, pursuant to a defendant's Supreme Court Rule 220 (107 Ill. 2d R. 220) request, that the plaintiff intends to call one of the plaintiff's treating physicians to testify as to that physician's medical opinion. The record in *Diminskis* revealed that prior to the trial, the defendant tendered a Rule 220 request asking the plaintiffs to identify all of the experts they intended to call at trial. In their response, the plaintiff failed to list a neurologist who had previously treated the injured plaintiff. The plaintiffs did, however, list the neurologist as a treating physician in an answer to an interrogatory propounded by the defendant and did provide the defendant with the neurologist's medical records. Subsequently, when the defendant learned that the plaintiffs intended to call the neurologist to testify at trial, the trial court granted the defendant leave to depose the neurologist. The neurologist then testified at trial, over the objection of defense counsel, as to the extent of the plaintiff's injuries and as to his potential to recover.

The defendants in *Diminskis* argued on appeal that the trial court

should have barred the neurologist from testifying because the plaintiffs failed to list him as an expert witness pursuant to their Rule 220 request. The plaintiffs contended that they were not required, under Rule 220, to list treating physicians as expert witnesses.

The *Diminskis* court held that the supreme court did not intend for treating physicians to fall within the parameters of Rule 220, and affirmed the lower court's ruling. In reaching its determination, the court stated that Rule 220 requires the disclosure of those experts who are *retained to render an opinion at trial,* but that Rule 220 does not address whether a treating physician, who obtains his opinion by assisting a patient rather than in anticipation of litigation, is to be included within that category of experts who are specifically *retained* for the purposes of rendering trial testimony. The court then pointed out that the supreme court relied heavily upon the existing Federal Rules of Civil Procedure for guidance in preparing Rule 220 (see Ill. Ann. Stat., ch. 110A, par. 220, Committee Comments, at 439 (Smith-Hurd 1985)). The court stated that under Federal court practice, a treating physician is not considered a testifying expert because that physician obtained his opinion in giving aid to a patient, rather than in response to an attorney's request (see Fed. R. Civ. P. 26(b)(4)). The court then compared the opinion offered by a treating physician, as well as the manner in which it was obtained, to that of other witnesses who become involved in litigation not as a result of a party's request but rather because they were present and witnessed the happening or result of a certain occurrence. Thus, the court concluded that under the Federal Rules of Civil Procedure, upon which the supreme court heavily relied, a treating physician is not considered a testifying expert. The court then held that adherence to Federal court practice is mandated and that a treating physician was not meant to be included within those experts covered by Rule 220. In so holding the court stated:

> "Furthermore, under Rule 220, only those experts who are 'retained to render an opinion at trial' fall within the definition of a Rule 220 expert. A typical treating physician is not retained by the patient for the purpose of giving trial testimony; on the contrary, the patient's relationship with the treating physician becomes necessary only because the patient has sought out the physician's assistance for treatment of a particular physical or mental illness. A treating physician's relationship with his patient is not triggered at the filing of a lawsuit. Instead, the relationship between the treating physician and his patient is healing-oriented with the treating physician retained

for his knowledge of medicine rather than his ability to testify before a jury. A treating physician certainly cannot be placed in the same category as the hired expert who becomes associated with a case only at the request of an attorney and whose sole purpose is to convey a certain message to a jury." (*Diminskis*, 155 Ill. App. 3d at 590-91, 508 N.E.2d at 219.)

Based upon the foregoing, the court concluded that the neurologist in that case was a treating physician, not an expert under Rule 220, and thus did not have to be disclosed in response to the defendant's Rule 220 interrogatory.

Next, the court in *Wilson v. Chicago Transit Authority* (1987), 159 Ill. App. 3d 1043, 513 N.E.2d 443, followed the *Diminskis* decision and held that the treating physician in that case was not an expert within the contemplation of Supreme Court Rule 220 (107 Ill. 2d R. 220). In *Wilson*, the plaintiff called one of her two treating physicians, a specialist in orthopedic surgery, to testify. When asked to testify as to the permanency of the plaintiff's injury, the trial court initially sustained the defendant's objection to the testimony based upon the fact that the orthopedic surgeon had not conducted a recent physical examination of the plaintiff. After an offer of proof by the plaintiff, however, the orthopedic surgeon was allowed to testify that he examined the plaintiff during the noon recess of trial, one hour before being called to testify, and that a nerve root irritation suffered by the plaintiff was permanent.

The defendant argued on appeal that the trial court abused its discretion in allowing the physician to testify as to the permanency of the plaintiff's injury in violation of Supreme Court Rule 220. Relying upon *Diminskis*, the court held that the orthopedic surgeon did not fall within the parameters of an expert under Rule 220. The *Wilson* court reasoned that an expert for the purposes of Rule 220 is one who is retained for the purpose of rendering trial testimony. The court noted that the rule does not include as an expert a treating physician who obtains his opinion by assisting a patient. The court then discussed the participation and involvement of Treister, the orthopedic surgeon:

"In this case Treister assisted the patient by treating her and testified to that treatment and to the fact that her injuries could have been caused by the fall suffered by her. Treister, in fact, was called by [the plaintiff's] doctor to render an opinion as an orthopedic consultant and to recommend treatment when [plaintiff] was admitted to the Central Community Hospital. Treister saw and treated [the plaintiff] in the hospital on Jan-

uary 26, 1982. He saw her in his office on February 9, 1982, February 18, 1982, March 10, 1982, April 19, 1982, and April 29, 1982. His testimony as to the permanency of her injury was based on an examination of [the plaintiff] at Treister's office on the day of trial.

*** His opinion was one held by him at the time of trial and not one based on a prognosis of three or four years before ***. Further, the [defendant] knew or should have known that Treister was to be called as a witness. He was listed on the statutory notice of injury to the [defendant] as one of [the plaintiff's] treating physicians and in her answer and amended answers to the [defendant's] interrogatories." (*Wilson*, 159 Ill. App. 3d at 1045-46, 513 N.E.2d at 445.)

Thus, the court concluded that the orthopedic surgeon was not an expert in the contemplation of Supreme Court Rule 220 (107 Ill. 2d R. 220).

Based upon our reading of Rule 220 (107 Ill. 2d R. 220) and in view of the foregoing authorities, we conclude that the defendants in the case at bar could be compelled to answer questions relating to the applicable standard of care, despite the fact that the plaintiff had not disclosed them as experts. The cases just discussed demonstrate that treating physicians, such as the defendants here, are not considered testifying experts because their opinions are obtained in giving aid to a patient, rather than in response to an attorney's request. Thus, we hold that the defendants in this case, as treating physicians, were not experts within the contemplation of Rule 220, and consequently it was not necessary for the plaintiff to disclose them as expert witnesses pursuant to Rule 220.

For the foregoing reasons, the trial court's orders of April 2, 1987, and August 12, 1987, are affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.