(No. 66006.—

PATRICE WILSON, Appellee, v. THE CHICAGO TRANSIT AUTHORITY, Appellant.

*Opinion filed December 21, 1988.—Rehearing denied January 30, 1989.*

RYAN, J., joined by MORAN, C.J., and MILLER, J., dissenting.

MILLER, J., joined by MORAN, C.J., also dissenting.

Richard T. Ryan, of Flynn, Murphy & Ryan, and Joyce A. Hughes, both of Chicago, for appellant.

Bernard R. Nevoral and Michael D. Mannis, of Bernard R. Nevoral & Associates, Ltd., of Chicago, for appellee.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth Moscovitch, Mary L. Mikva and Richard L. Jones, of counsel), for amicus curiae City of Chicago.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Plaintiff, Patrice Wilson, brought suit against defendant, Chicago Transit Authority, for personal injuries she allegedly sustained alighting from one of defendant's buses on January 16, 1982. The jury returned a verdict for the plaintiff in the amount of $21,000, reduced by 10% due to her comparative negligence. The circuit court entered judgment in the amount of $18,900, and denied defendant's motion for a new trial and remittitur.

The appellate court affirmed the judgment of the circuit court (159 Ill. App. 3d 1043), and denied defendant's petition for rehearing. We granted defendant's petition for leave to appeal (107 Ill. 2d R. 315).

The issue is whether plaintiff's expert witness, a treating physician who acquired information during his treatment of plaintiff three years, seven months before the date of trial, and who updated his diagnosis by conducting an examination of plaintiff on the day he testified at plaintiff's trial, was still a treating physician, or whether he was an expert subject to Supreme Court Rule 220 (107 Ill. 2d R. 220).

Plaintiff was injured when she was exiting defendant's bus on January 16, 1982. Plaintiff's personal physician, Dr. Linguido, referred plaintiff to Dr. Treister, an orthopedic specialist. Plaintiff was treated by Dr. Treister from January 26, 1982, until April 24, 1982. The trial was held in the circuit court of Cook County in November 1985. Dr. Treister testified for plaintiff on the last day of trial. Dr. Treister was tendered by plaintiff, and accepted by the circuit court, as an expert. Dr. Treister testified as to the period of time, between January and April of 1982, during which he treated plaintiff. Defendant did not object to the testimony of Dr. Treister concerning his treatment, care, diagnosis and opinion as to the cause of plaintiff's injury. Defendant did object to plaintiff's question directed to Dr. Treister concerning the permanency of plaintiff's injuries.

Plaintiff had listed Dr. Treister as an attending physician in her "Notice of Personal Injury" received by defendant on March 22, 1982. Plaintiff listed Treister Orthopedic Services as a consulting physician in her answer to defendant's interrogatories in February 1983. Although it does not appear from the record that plaintiff was requested to do so, plaintiff filed amended answers to defendant's interrogatories in March 1985. Plaintiff listed Treister Orthopedic, Ltd., as having treated her from January 26, 1982, to April 24, 1982.

Defendant argued in the circuit court that Dr. Treister should not be allowed to give his opinion on the permanency of plaintiff's injuries based on an examination which had occurred over three years and seven months in the past. Defendant relied on *Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25, which held that "an opinion held by an expert at the time of trial is the only opinion evidence which may be considered by the trier of fact." 41 Ill. App. 3d at 28.

During a hearing out of the presence of the jury, plaintiff attempted to elicit Dr. Treister's opinion on the permanency of plaintiff's injuries through a hypothetical question. The circuit court granted defendant's objection to this question based on the rule of *Henricks*. It was at this time that Dr. Treister volunteered, "Your Honor, I briefly saw the patient today and got—." Because of the revelation that a recent examination had taken place, the circuit court allowed Dr. Treister to give his opinion on the permanency of plaintiff's injuries.

Defendant argued that Dr. Treister's opinion evidence violated Supreme Court Rule 220. The circuit court ruled that Supreme Court Rule 220 was not applicable to treating physicians. Defendant now argues that, for purposes of rendering opinion testimony on the permanency of plaintiff's injuries, Dr. Treister was no longer a treating physician, but an expert witness subject to Rule 220. Defendant asserts that it should have been "entitled to rely upon the protection of Rule 220 in preparing its defense." Since plaintiff's amended answers to defendant's interrogatories, which defendant received in March 1985, showed that plaintiff was last seen by a doctor in April 1982, defendant argues that it should have been able to "reasonably prepare its defense secure in the knowledge that, without an expert witness and a recent examination, an opinion on permanency could not be allowed." Defendant argues that it was surprised to learn that Dr. Treister had conducted a recent examination of plaintiff, thus enabling Dr. Treister to render an opinion on the permanency of plaintiff's injuries.

Our civil practice rules provide that a party is not required to furnish opposing parties with the names of witnesses whom the party intends to use at trial (except that upon motion of any party, disclosure of identity of expert witnesses must be made to all parties and the court in advance of trial). Ill. Rev. Stat. 1985, ch. 110,

par. 2—1003; C. Nichols, Illinois Civil Practice §2705, at 368 (1987).

In *Quirk v. Schramm* (1948), 333 Ill. App. 293, a physician treated a plaintiff at the time of an injury, and for four or five weeks following that. A year and seven months later the physician examined the plaintiff for the purpose of testifying at trial. The court found that the doctor was an attending physician.

In *Powers v. Browning* (1954), 2 Ill. App. 2d 479, a physician examined the plaintiff in October 1951, again in November 1951, and again on November 14, 1952. Trial began on November 20, 1952. The trial court found that the physician was a treating physician.

In *Brennan v. Leshyn* (1964), 51 Ill. App. 2d 132, 143, the plaintiff was treated by a doctor for a broken leg in October 1952. The doctor did not see the plaintiff again until February 11, 1963, when the doctor examined the plaintiff for the purpose of testifying at the trial. The defendant argued that the doctor had ceased to be a treating physician and that at the time of the pretrial examination the doctor had assumed the status of expert. The court held that the doctor's absence due to military service did not change his status as an attending physician.

Defendant need not have been surprised by the medical testimony of Dr. Treister. In this case it is clear that Dr. Treister was plaintiff's treating physician. A treating physician's identity is discoverable under Supreme Court Rule 201(b)(1). This rule also requires parties to disclose the medical records of treating physicians; in this way opposing parties may discover the facts and data which underlie a treating physician's opinion. (107 Ill. 2d R. 201(b)(1).) A party may seek a court order under Supreme Court Rule 204 if it is necessary to depose a treating physician in order to adequately prepare a defense. (107 Ill. 2d R. 204(c).) During the lengthy pretrial

period, defendant did not request a deposition or subpoena any medical record.

This case was submitted to this court on a partial record. From this record it appears that all parties were surprised when Dr. Treister volunteered the information that he had examined plaintiff shortly before testifying. Defendant asserts that the record "clearly demonstrates a conceived plan of nondisclosure" in that plaintiff's counsel knew Dr. Treister had examined plaintiff before Dr. Treister took the stand. The record, however, does not unambiguously support this assertion. Before Dr. Treister volunteered the information about his earlier examination of plaintiff, plaintiff's counsel had agreed with defendant that plaintiff was last treated by Dr. Treister in 1982. Plaintiff's counsel appeared to be operating on the assumption that there had been no recent examination, and tried to elicit the opinion testimony by way of a hypothetical question. This type of surprise defeats the goal of discovery which is to "educat[e] the parties in advance of trial as to the real value of their claims and defenses." (*People ex rel. Terry v. Fisher* (1957), 12 Ill. 2d 231, 236.) This type of surprise, however, must be avoided by adequate trial preparation and not through reliance on the "protection" of Supreme Court Rule 220.

Defendant knew or should have known that plaintiff's treating physician would testify at trial. Defendant knew that a treating physician may not give an opinion on the permanency of injuries without a recent examination. *Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25.

It has been determined by this court that Rule 220 disclosure and discovery provisions do not apply to treating physicians. *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226.

We hold that the length of time between plaintiff's treating physician's treatment of plaintiff and plaintiff's treating physician's examination of plaintiff on the last

day of trial does not make plaintiff's treating physician an expert witness subject to Supreme Court Rule 220.

For the foregoing reason, the circuit court correctly overruled defendant's objection based on Rule 220 to Dr. Treister's testimony. We therefore affirm the appellate court, which affirmed the circuit court.

*Affirmed.*

JUSTICE RYAN, dissenting:

Whether or not plaintiff's treating physician can be called an expert witness subject to our Rule 220 is not the significant point in this case. The real cause for concern is that the defendant has been "bushwhacked," either by design or inadvertence.

The opinion of the court states: "This type of surprise, however, must be avoided by adequate trial preparation and not through reliance on the 'protection' of Supreme Court Rule 220." Adequate trial preparation would not have prevented "this type of surprise." The taking of Dr. Treister's deposition would not have revealed any opinion as to the permanency of plaintiff's injury that would be admissible at trial. According to *Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25, an opinion as to the permanency of an injury formulated long before trial is not admissible. Here, the pretrial discovery proceedings revealed that Dr. Treister had not treated or examined the plaintiff for more than three years before the trial. The trial court in this case initially held that Dr. Treister could not state his opinion as to the permanency of her injury. The defendant had no objection to the doctor's testifying as to the cause of the plaintiff's injury.

Plaintiff had disclosed no other expert witness who would give any opinion as to the permanency of the injury. Under *Henricks v. Nyberg, Inc.*, Dr. Treister would not be permitted to express an opinion as to the per-

menancy of the injury. Defendant had a right to rely on this state of affairs in preparing its defense. To deny the defendant the benefit of this reliance because the doctor saw the plaintiff, presumably somewhere in the courthouse the last day of trial, with no notice to the defendant that this so-called examination was going to take place or had been conducted, just is not playing by the rules.

Dr. Treister should not have been permitted to express his opinion as to the permanency of plaintiff's injury. To permit this kind of circumvention of our rules of discovery and of evidence defeats the purposes of discovery. I would therefore reverse the judgments of the appellate court and the circuit court, and remand the case to the circuit court of Cook County for a new trial.

MORAN, C.J., and MILLER, J., join in this dissent.

JUSTICE MILLER, also dissenting:

I do not believe that the plaintiff should have been allowed to take advantage of the physician's testimony regarding his last-minute examination of the plaintiff. That examination was apparently conducted during a noon recess in the trial, and it provided counsel with previously unobtained—and therefore undisclosed—evidence of the permanency of the plaintiff's injury. Accordingly, I dissent.

Even if it is assumed that Dr. Treister remained a treating or attending physician and therefore was not subject to Supreme Court Rule 220, which requires advance disclosure of the identities and opinions of expert witnesses (107 Ill. 2d R. 220; see *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 233-38), I do not believe that the doctor should have been permitted to testify about the opinion he formed from his mid-trial examination of the plaintiff. Contrary to the majority's

assertion, no amount of pretrial preparation by defense counsel could have prevented the surprise that occurred here.

It is not significant that the plaintiff's attorney was equally surprised by Dr. Treister's eleventh-hour examination of the plaintiff. Control over litigation must not be ceded to the witnesses, and we should not appear to condone the undeniable advantage resulting from the unusual events that unfolded here.

MORAN, C.J., joins in this dissent.