Docket No. 88353–Agenda 21–May 2000.

CHARLES SCOTT DECKER, Appellee, v. JASON LIBELL, Appellant.

Opinion filed September 21, 2000.

JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of St. Clair County, the plaintiff, Charles Decker, was awarded $13,715 in damages for injuries he sustained in a motor vehicle accident with the defendant, Jason Libell. The defendant appealed, and, in an unpublished order, the appellate court affirmed the circuit court judgment. No. 5–98–0641 (unpublished order under Supreme Court Rule 23). We allowed the defendant’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now affirm the judgment of the appellate court.

The facts in this case are uncomplicated and may be stated briefly. The plaintiff was injured on September 4, 1994, in an accident in Shiloh when his pickup truck was hit by a vehicle being driven by the defendant. The plaintiff brought the present action against the defendant in the circuit court of St. Clair County in February 1995 to recover damages for his injuries. The defendant conceded liability, and the only issue at trial, in April 1998, concerned the plaintiff’s damages. At trial, the plaintiff testified in his own behalf and also introduced the evidence deposition of his chiropractor, Dr. Warren Stewart, Jr. Dr. Stewart had treated the plaintiff for four months, from September 1994 to January 1995, for the injuries the plaintiff sustained to his neck, back, and shoulder as a result of the accident. Dr. Stewart’s deposition had been taken in March 1996, and his testimony concerning the plaintiff’s prognosis was admitted over the defendant’s objection that Dr. Stewart’s treatment of the plaintiff was too remote in time in relation both to the deposition and to the eventual trial to be admissible.

The defendant did not present any evidence. At the conclusion of the trial, the jury awarded the plaintiff a total of $13,715 in damages, which comprised itemized awards of $7,500 for the plaintiff’s past pain and suffering, $2,500 for future pain and suffering, and $3,715 for past medical expenses; the jury did not award the plaintiff any of the damages requested by him for loss of a normal life. The defendant filed a post-trial motion seeking a new trial. In the motion, the defendant renewed his argument that the trial court erred in admitting Dr. Stewart’s deposition testimony about the plaintiff’s prognosis. In addition to the points raised previously, the defendant contended that Dr. Stewart’s testimony regarding the possible permanency of the plaintiff’s injuries was contradicted by the plaintiff’s own statement, at trial, that he no longer experienced any pain in his neck. The trial court denied the post-trial motion, and the defendant appealed. The appellate court affirmed the circuit court judgment. No. 5–98–0641 (unpublished order under Supreme Court Rule 23). We allowed the defendant’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now affirm the judgment of the appellate court, though for reasons different from those relied on by that court.

The sole issue before this court concerns the admission of Dr. Stewart’s deposition testimony regarding his opinion about the prognosis for the plaintiff’s injuries. As noted earlier, the plaintiff’s accident occurred in September 1994, and the plaintiff was treated by Dr. Stewart for four months, from September 7, 1994, until January 11, 1995. According to the evidence, Dr. Stewart saw the plaintiff a total of 55 times during this period. Dr. Stewart’s evidence deposition was taken on March 15, 1996, a little more than 14 months after the plaintiff ceased his course of treatment with the chiropractor. Trial was conducted on April 20 and 21, 1998, 25 months after Dr. Stewart’s deposition was taken, and 39 months after the last treatment occurred. The defendant contends that Dr. Stewart’s deposition testimony regarding the prognosis for the plaintiff’s injuries was too old to represent an opinion at the time of trial and therefore was inadmissible. See 
Henricks v. Nyberg, Inc.
, 41 Ill. App. 3d 25, 28 (1976); see also 
Wilson v. Chicago Transit Authority
, 126 Ill. 2d 171, 176 (1988). The defendant argues further that the plaintiff contradicted Dr. Stewart’s testimony when the plaintiff testified that he no longer experiences pain in his neck; Dr. Stewart, in the evidence deposition, had stated that the plaintiff’s condition, especially in the neck, could be permanent.

In response, the plaintiff contends that the periods of time between a patient’s last examination or office visit, the time of the expert’s deposition, and the time of trial pertain only to the weight to be given to the expert’s testimony and do not affect its admissibility. The appellate court below adopted this rationale in affirming the circuit court judgment. The appellate court believed that the intervals of time between the chiropractor’s last examination, his deposition, and the trial went only to the weight to be accorded the evidence and did not determine whether it was admissible.

The plaintiff’s argument assumes that evidence of this nature is automatically admissible, regardless of its provenance, and that the relative age or recency of the testimony will never affect its admissibility. To be sure, language in some cases suggests that the age or recency of an expert’s opinion pertains only to the weight to be given to the testimony. 
Housh v. Bowers
, 271 Ill. App. 3d 1004, 1008 (1995); 
Molitor v. Jaimeyfield
, 251 Ill. App. 3d 725, 729 (1993). We believe the better view, however, is represented by the cases that first consider whether the testimony or evidence is admissible and, if it is, then permit the trier of fact to determine what weight to assign to it. See 
Soto v. Gaytan
, 313 Ill. App. 3d 137, 145-48 (2000); 
Knight v. Lord
, 271 Ill. App. 3d 581, 587 (1995); see also 
Marchese v. Vincelette
, 261 Ill. App. 3d 520, 526-27 (1994) (after determining that doctor’s testimony was admissible, court explains that age of opinion will affect the weight to be given to the testimony); 
Courtney v. Allied Filter Engineering, Inc.
, 181 Ill. App. 3d 222, 231 (1989) (court concludes that doctor’s testimony was properly admitted). Even the court in 
Housh
, cited by the plaintiff, referred to the length and nature of the doctors’ treatment in finding no error in the admission of their testimony. Trial courts routinely bar evidence because it is irrelevant or unreliable, and we see no reason to apply a different rule in this context. Under this approach, the trial judge serves in a familiar role as “gatekeeper,” barring testimony that is not sufficiently relevant or reliable to be admitted into evidence.

It remains for us to consider what circumstances are relevant in determining the admissibility of opinion testimony about the prognosis for a patient’s injuries or condition. As a number of the cases illustrate, the calendar alone does not determine whether the evidence should be admitted or excluded. Courts will consider the nature of the plaintiff’s injury or condition, the type of treatment administered to the plaintiff, the length of time the plaintiff was receiving the treatment, the number and frequency of the plaintiff’s visits, the length of time between the plaintiff’s last treatment and the witness’ formation of his or her opinion, the length of time between the formation of the opinion and the trial, and any other circumstances that bear on the relevance and reliability of the proposed testimony. See 
Soto
, 313 Ill. App. 3d at 147-48 (listing relevant circumstances; specifically discussing nature of injury, length and nature of treatment, and interval between treatment and time of trial); 
Housh
, 271 Ill. App. 3d at 1008 (length and nature of treatment); 
Marchese
, 261 Ill. App. 3d at 526 (interval between examination and deposition; length of treatment).

Applying these considerations to the case at bar, we do not believe that the trial judge abused his discretion in admitting into evidence Dr. Stewart’s testimony regarding the plaintiff’s prognosis. The plaintiff sustained injuries to his neck, back, and shoulder in the collision with the defendant’s vehicle. The plaintiff’s treatment with Dr. Stewart lasted a little over four months, beginning September 7, 1994, three days after the accident, and ending January 11, 1995. During that period, Dr. Stewart treated the plaintiff 55 times, and he took two full sets of X rays in the course of the treatment.

The defendant argues, however, that Dr. Stewart’s deposition testimony regarding the permanency of the plaintiff’s injuries was fatally contradicted by the plaintiff’s own testimony at trial. The plaintiff stated that, although he still experienced pain in his back from time to time, he no longer experienced any pain in his neck. The defendant believes that this contradicts Dr. Stewart’s testimony. In the evidence deposition, Dr. Stewart stated that, with respect to the plaintiff’s neck injury, “there certainly could be a permanency.” Unlike the defendant, we do not believe that the two are inconsistent. Dr. Stewart testified only that there could be a permanent problem, not that there necessarily would be. The balance of his testimony regarding the plaintiff’s prognosis was borne out by the plaintiff’s testimony, for the plaintiff stated that he still suffered from back pain. On this record, we are unable to conclude that the trial judge abused his discretion in admitting the challenged testimony.

For the reasons stated, the judgment of the appellate court, which affirmed the judgment of the circuit court of St. Clair County, is affirmed.

Judgment affirmed.