**CF & I STEEL CORPORATION, a Colorado corporation, Plaintiff-Appellant,**

v.

**MITSUI & CO. (U.S.A.), INC., a New York corporation, Defendant-Appellee.**

No. 83–1572.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1983.

Decided Aug. 16, 1983.

Gilbert Serota, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant-appellant.

Thomas S. Nichols, Davis, Graham & Stubbs, Denver, Colo., for plaintiff-appellee.

Before BARNES, GOODWIN, and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Appellant, CF & I Steel Corporation, seeks review of an order quashing a subpoena duces tecum served by it on three individuals represented by Mitsui & Co. (U.S.A.), Inc. The district court held the subpoenas were invalid because no witness fees or mileage allowances were tendered when the subpoenas were served. Fed.R.Civ.P. 45(c). We affirm.

FACTS

In July, 1982, CF & I sued Mitsui in the district court of Colorado seeking treble damages and injunctive relief for alleged violations of the Anti-Dumping Act of 1916, 15 U.S.C. § 72, and the Sherman Act, 15 U.S.C. §§ 1 & 2. Three individuals ("Movants") and Mitsui had already been indicted by a federal grand jury in the Northern District of California for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and for filing false documents with the United States Customs Service in violation of 18 U.S.C. § 1001. On August 26, 1982, Movants traveled from Japan to California to enter pleas in their criminal indictment. On August 27, 1982, while waiting in the Federal Building in San Francisco, CF & I served them with subpoenas duces tecum. The subpoenas required Movants to appear on December 2, 1982, in San Francisco for a deposition and were accompanied by requests for documents. CF & I failed to tender witness fees and mileage allowances when it served the subpoenas.

On September 30, 1982, 34 days after service, and one week after Movants' attorneys told them that service was defective, CF & I sent three checks for $100 each to Movants' attorneys. The checks were returned to CF & I because they were inadequate in amount and too late to satisfy the requirements of Rule 45(c).

Movants made a motion on November 29, 1982, in the Northern District of California to quash the subpoenas on two grounds: 1) service was invalid because no witness fees or mileage allowances were tendered; and 2) each Movant was immune from service in California. The motion was granted fol-

lowing a hearing on December 8, 1982, and this appeal followed.

## JURISDICTION

Generally, this court lacks jurisdiction to review an order granting a motion to quash a subpoena because the order would be reviewable as error after the final judgment on the merits. However, where as here, the district court granting the motion to quash is in a different district from the court hearing the merits, the order is reviewable before final judgment. *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 228 (9th Cir.1975).

## RULE 45(c)

Fed.R.Civ.P. 45(c) provides, in relevant part: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law." The district court construed the conjunctive effect of "and by tendering to him" as requiring the concurrent tender of witness fees and an estimated mileage allowance with service. We agree.

Although the correct reading of this portion of Rule 45(c) is an issue of first impression for this court, it requires little comment. The language is clear and the interpretation adopted by the district court is supported by widely accepted treatises on civil procedure. 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 45.06[1] (2d ed. 1982); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2461 (1971).

Therefore, we hold the plain meaning of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. In so holding, we decline to reach how much CF & I was required to tender or whether the checks sent one month after service were adequate. Because we affirm on the plain meaning of Rule 45(c), we, like the district court, do not reach the issue of whether Movants were immune from service.

Accordingly, the judgment of the district court is AFFIRMED.