(No. 67059.—

BEN FAWCETT *et al.*, Appellees, v. RAOUL REINERTSEN *et al.* (Heyl, Royster, Voelker & Allen, Contemnor-Appellant).

*Opinion filed October 25, 1989.*

Heyl, Royster, Voelker & Allen, of Peoria (Roger R. Clayton and Karen L. Kendall, of counsel), appellant *pro se.*

Littler, Renner, Howard & Wombacher, of Peoria (Franklin L. Renner, of counsel), for appellees.

JUSTICE CLARK delivered the opinion of the court:

Appellees, Ben Fawcett, Gretchen Fawcett, and their daughter, Brooke Fawcett, by her next friends, Ben Fawcett and Gretchen Fawcett, brought a medical negligence action in Fulton County against Dr. Raoul Reinertsen, Dr. Dennis Cappitelli and Graham Hospital Association. Appellees alleged that due to the care and treatment rendered by the defendants, Brooke Fawcett was born prematurely with incompletely developed lungs, resulting in the development of hyaline membrane disease and various other complications.

As part of the pretrial discovery in the case, appellees deposed the defendant-physicians and posed questions concerning the relevant standard of care. On advice of counsel, the physicians refused to answer the questions.

The appellees filed a motion to compel answers to the questions relating to the standard of care. Specifically, the appellees sought answers to the following questions:

(1) "Now, Doctor, is it your testimony that the standard of practice in the United States is not to use both the menstrual history and the height of fundus to determine the menstrual age of the child?"; and

(2) "Do you know of anything that Saint Francis did, either the team as they came to the hospital and took over the care of Brooke and in fact took care of Brooke or Saint Francis in their neonatal unit did, which you believed was not proper or breached the standard of care?"

After a hearing on the motion to compel, an order was entered directing the defendant-physicians to answer the questions. On advice of counsel, the physicians refused to comply with the court's order. Counsel for the

physicians were then found to be in contempt of court and fined $25.

The contemnors appealed the finding of contempt, arguing that a defendant-physician in a medical negligence action cannot be compelled to testify as to the standard of care unless he has been disclosed as an expert witness pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220). The appellate court rejected this argument and affirmed the finding of contempt. (168 Ill. App. 3d 1090.) We granted leave to appeal (107 Ill. 2d R. 315).

The issue before this court is whether a defendant-physician, who has not been disclosed as an expert witness pursuant to Supreme Court Rule 220, may be compelled to give testimony at a discovery deposition regarding the relevant standard of care. We hold that he may.

We begin with a review of Rule 220. Rule 220 provides, in part:

> "In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed ***." (107 Ill. 2d R. 220(b)(1).)

An expert is defined as:

> "a person who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and who may be expected to render an opinion within his expertise at trial. He may be an employee of a party, a party, or an independent contractor." 107 Ill. 2d R. 220(a)(1).

In *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, this court considered the applicability of Rule 220(b)(1) to treating physicians. In holding that treating physicians who testify to a medical opinion at trial are not expert witnesses within the meaning of Rule

220(b)(1) and need not be disclosed as expert witnesses (*Tzystuck*, 124 Ill. 2d at 234), this court reasoned:

"Subsection (b)(1) of Rule 220 requires disclosure of only 'the identity of an expert who is *retained to render an opinion at trial*,' and subsection (c) requires 'the party *retaining or employing* an expert witness' to comply with the rules governing discovery of such expert's opinion. \*\*\* 107 Ill. 2d Rules 220(b)(1), (c).

Although the defendants argue that 'retained' in Rules 220(b)(1) and (c) refers broadly to witnesses who are 'requested' to give an opinion within their field of expertise, we consider it obliges litigants to disclose the identity and opinions only of those witnesses who are engaged for the purpose of giving an expert opinion at trial. It may be said that the connection between a medical expert who is 'retained to render an opinion at trial' and the party to the suit may be litigation-related, rather than treatment-related. Treating physicians, on the other hand, typically are not 'retained to render an opinion at trial' but are consulted, whether or not litigation is pending or contemplated, to treat a patient's physical or mental problem. While treating physicians may give opinions at trial, those opinions are developed in the course of treating the patient and are completely apart from any litigation. Such an opinion is not formed in anticipation of a trial, but is simply the product of a physician's observations while treating the patient, which coincidentally may have value as evidence at a trial. In this respect, the opinions of treating physicians are similar to those of occurrence witnesses \*\*\*." (Emphasis in original.) *Tzystuck*, 124 Ill. 2d at 234.

The appellants contend that this analysis supports their position that a defendant-physician must be disclosed as an expert in order to be required to testify as to standard of care. We disagree.

Applying the reasoning of *Tzystuck* to the present case, we hold that defendant-physicians need not be disclosed as expert witnesses. It can hardly be said that a defendant-physician has retained himself to "render an

opinion at trial"; his involvement in the case is clearly "treatment-related" rather than "litigation-related." Consequently, he is not an expert witness within the meaning of Rule 220(b)(1), and the disclosure provisions of Rule 220(b)(1) do not apply.

This does not mean, however, that defendant-physicians may not render professional opinions; defendant-physicians may give opinion testimony at trial (*Tzystuck*, 124 Ill. 2d at 234), including opinions as to standard of care (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 259; *Stevens v. Sadiq* (1988), 176 Ill. App. 3d 333, 337). The relevant distinction between an expert witness and a defendant-physician, for purposes of this case, is the manner in which discovery must be conducted. Since a defendant-physician is not an expert witness for purposes of Rule 220, he is subject to the discovery provisions which apply to ordinary witnesses. (See *Tzystuck*, 124 Ill. 2d at 236.) General discovery procedures are detailed in Supreme Court Rule 201 (107 Ill. 2d R. 201). Rule 201 provides, in part:

> "[A] party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party ***." (107 Ill. 2d R. 201(b)(1).)

Such discovery " 'presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial.' " *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 357, quoting *Krupp v. Chicago Transit Authority* (1956), 8 Ill. 2d 37, 41.

The standard of care by which the defendant-physician's conduct is to be measured is not only admissible at trial, but is an element of a cause of action for medical negligence. (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 255.) Consequently, any opinion a defendant-physician

may have as to standard of care is relevant and is discoverable.

The appellants further contend that allowing the appellees to question defendant-physicians as to standard of care would shift the burden of proving that standard from the plaintiff to the defendant. We find no merit in this argument. The burden of establishing the relevant standard of care in a medical negligence action is on the plaintiff. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 297; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 241-42.) The fact that, after obtaining the defendant's opinion as to standard of care, the plaintiff may attempt to establish that standard through the defendant himself by calling him as an adverse witness (see Ill. Rev. Stat. 1987, ch. 110, par. 2—1102) in no way shifts the burden to the defendant-physician. The physician is but a witness; the burden of eliciting the relevant testimony and introducing it into evidence remains with the plaintiff.

Finally, appellants argue that to compel a defendant-physician to give opinion testimony regarding the standard of care deprives him of an intellectual property right in his medical opinion and invades his right to dispose of his property as he sees fit. Our review of the record indicates that this argument was not raised before the trial court. Issues not raised in the trial court, including constitutional matters, are generally considered waived on appeal. (*People v. Walker* (1980), 83 Ill. 2d 306, 314-15; *People v. Amerman* (1971), 50 Ill. 2d 196, 197.) Accordingly, this argument will not be considered.

For the foregoing reasons, we hold that the circuit court properly ordered the defendant-physicians to answer the deposition questions relating to standard of care, and affirm the appellate court's judgment which affirmed the circuit court's finding of contempt.

*Judgment affirmed.*