1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard BERNYK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-2389.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Bernyk, an inmate at the federal penitentiary in Marion, Illinois, filed this action pro se seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671 et seq., for alleged medical negligence in denying plaintiff adequate orthopedic and dietary treatment. The district court found Bernyk's failure to identify an expert witness to support medical negligence fatal and granted summary judgment in favor of the government. Because Illinois law allows a plaintiff to rely on the treating-physicians to establish the standard of care in a medical malpractice action, Bernyk's request to rely on his treating-physicians was sufficient to preclude summary judgment.
 
 I. BACKGROUND
 
 2
 Bernyk's legs are of uneven length, with the left leg approximately one inch longer than the right leg. While at the penitentiary in Lewisburg, Pennsylvania, Bernyk received a pair of steel-toe work-boots containing a heel-lift. These shoes were confiscated, however, when Bernyk was placed in segregation. The defendant denies that "orthopedic" shoes were ever prescribed for Bernyk and did not allow Bernyk to retain the shoes after his transfer to Marion. Although a hospital administrator at Marion did provide Bernyk with raised-soled tennis shoes, Bernyk claims the adjustment height was grossly miscalculated, causing him pain when worn. From the record, it is clear that Bernyk vigorously sought treatment for this condition and also persisted in his demand for a special low-sodium-bland medical diet, which he claims was prescribed treatment for hemorrhoidal tags. Unsatisfied with results received through prison administrative procedures, Bernyk filed this FTCA action claiming negligent medical treatment.
 
 
 3
 The government moved for summary judgment on the grounds that Bernyk had failed to name an expert witness to show medical negligence. Bernyk then successfully moved to compel additional discovery related to his claim of orthopedically prescribed shoes and of the alleged harm resulting from failure to comply with the recommended treatment. But he failed to identify an expert. Subsequently, the defendant filed a supplement to its motion for summary judgment noting that Bernyk had still not named his expert witness in compliance with the court's order. In response, Bernyk stated that he would rely on his treating physicians and his treatment records for expert opinion testimony. He further noted that because he was indigent and without counsel, he did not have the resources to retain an independent expert. Seizing on Bernyk's continued failure to name an expert witness, the defendant moved to stay discovery until the court ruled on its motion for summary judgment. The court granted the stay and subsequently granted judgment for the defendant.
 
 II. ANALYSIS
 
 4
 Under the Federal Tort Claims Act, the United States is liable for injury caused by the negligence of its employees under circumstances where a private person would be liable in accordance with the law of the state where the negligent act or omission occurred. 28 U.S.C. Sec. 1346(b). Since the alleged negligence occurred in Illinois, the issue is whether Illinois law required Bernyk to submit expert opinion on the medical standard of care in order to defeat defendant's motion for summary judgment.
 
 
 5
 When reviewing a district court's grant of summary judgment de novo, we view the evidence together with all reasonable inferences drawn therefrom in favor of the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). The party opposing summary judgment, however, may not rest on the pleadings, but must set forth specific factual allegations showing that there is a genuine issue for trial. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992).
 
 
 6
 In a medical malpractice action in Illinois, the plaintiff bears the burden of establishing the relevant standard of care, a deviation from the applicable standard, and a resulting injury proximately caused by the want of skill or care. Addison v. Whittenberg, 529 N.E.2d 552, 556 (Ill.1988). Generally, expert testimony is needed to establish the applicable standard of care by which the defendant's conduct is to be measured. Walski v. Tiesenga, 381 N.E.2d 279, 282 (Ill.1978). Unskilled in the practice of medicine, jurors would find it difficult to ascertain a lack of skill or care without such guidance. Rohe v. Shivde, 560 N.E.2d 1113, 1121 (Ill.App.1990). There are exceptions. Expert testimony is unnecessary in cases in which the treatment is so common or the act so grossly negligent that a layperson would be able to properly evaluate the challenged conduct in light of his own knowledge and experience. Id. Even where expert testimony is required to establish the standard of care, "it is well settled that the testimony of the defendant doctor may suffice to establish that standard." Id.; see also Fawcett v. Reinertsen, 546 N.E.2d 558, 560 (Ill.1989); Walski, 381 N.E.2d at 284; Riley v. Koneru, 593 N.E.2d 788, 789 (Ill.App.1992); Metz v. Fairbury Hosp., 455 N.E.2d 1096, 1100 (Ill.App.1983). Moreover, a defendant-physician who has not been disclosed as an expert witness may nevertheless be compelled to give opinion testimony regarding the relevant standard of care.[2] Fawcett, 546 N.E.2d at 560.
 
 
 7
 Bernyk argues that summary judgment was improper because he had identified his treating physicians as experts and alternatively because his claim fits within the common treatment exception, expert testimony was unnecessary.[3] Relying on Federal Rule of Civil Procedure 45(c)(3)(B)(ii), the district court held that because Bernyk's treating physicians were not retained as experts, they could not be compelled to offer opinion testimony at trial. Order at 2. The court further reasoned that "even if plaintiff could subpoena his treating physicians to testify at trial or use their treatment records as evidence, he still does not have the necessary opinion testimony to prove his case." Id. But Illinois law clearly allows Bernyk to rely on and in fact compel the treating-physicians to provide opinion testimony relevant to establishing the applicable standard of care. See Riley, 593 N.E.2d at 789; Fawcett, 546 N.E.2d at 560. Because a plaintiff in a medical malpractice action may rely upon the defendant and the defendant's expert testimony to establish the applicable standard of care, Riley, 593 N.E.2d at 789, there is no requirement that the plaintiff identify an independent expert. Hence, granting summary judgment solely on the grounds that Bernyk failed to identify an expert to establish the standard of care was erroneous.
 
 
 8
 Assuming that Bernyk would have to compel his treating physicians to testify, the district court twice broached the question of who would pay the expenses associated with subpoenaing witnesses for trial. Early in the history of this case, Bernyk filed a motion requesting the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45.[4] The district court denied the request on the grounds that Bernyk had not identified whom he sought to subpoena and because his pauperis status did not entitle him to "free" subpoenas. Doc. 27, Order of Sept 12, 1991. The issue of whether and when a federal civil litigant proceeding in forma pauperis (IFP) is entitled to have the United States assume the expenses associated with subpoenaing witnesses for trial, however, has yet to be resolved in this circuit. See Merritt v. Faulkner, 697 F.2d 761, 768 (7th Cir.), cert. denied, 464 U.S. 986 (1983); McKeever v. Israel, 689 F.2d 1315, 1322 (7th Cir.1982). But cf. Coleman v. St. Vincent De Paul Soc., 144 F.R.D. 92 (E.D.Wis.1992) (holding that pursuant to 28 U.S.C. Sec. 1915(c), the United States must pay witness fees and other costs associated with subpoenaing witnesses for trial only to the extent that the IFP litigant can demonstrate the necessity of each witnesses' testimony). Although we might attempt to address the district court's earlier ruling on plaintiff's request for subpoenas, the insufficiencies in the record and briefs, persuade us to decline to do so. We note, however, the irony in allowing an IFP litigant to pursue a claim under 28 U.S.C. Sec. 1915 because it arguably has some merit, but concomitantly providing no vehicle to present necessary witnesses at trial in order to prove the evidentiary basis of his claim. Coleman, 144 F.R.D. at 95; see Johnson v. Hubbard, 698 F.2d 286, 292-93 (6th Cir.) (Swygert, J., dissenting), cert. denied, 464 U.S. 917 (1983); United States Marshals Service v. Means, 741 F.2d 1053, 1062-63 (8th Cir.1984) (Lay, C.J., concurring and dissenting), rev'd on other grounds, 858 F.2d 404 (8th Cir.1988) (en banc) cert. denied, 492 U.S. 910 (1989).
 
 
 9
 Accordingly, the judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 In Illinois, a treating physician who testifies to a medical opinion is not considered an expert witness, because his involvement in the case is "treatment-related" rather than "litigation-related." Therefore, he is not an expert within the meaning of Illinois Supreme Court Rule 220 and need not be disclosed as one
 Rule 220 provides in part: "In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed...." (107 Ill. @d R. 220(b)(1)), quoted in Fawcett, 546 N.E.2d at 559.
 
 
 [3]
 For purposes of this appeal, we need not address whether treatment of Bernyk's medical conditions can be considered negligent conduct within the common knowledge of laypersons such that expert testimony was not required
 
 
 [4]
 Rule 45(b)(1) provides: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."