PAUL E. CRNKOVICH, Plaintiff-Appellee, v. CARLOS ALMEIDA, Defendant-Appellee (Graham Hospital Association, Defendant-Appellant; Sharon Nuttall *et al.*, Movants-Appellants).

Third District No. 3—93—0896

Opinion filed May 18, 1994.

Froehling, Taylor & Weber, of Canton (Ralph Froehling, of counsel), for appellants.

Lindsay W. Wright, of Kingery, Durree, Wakeman & Ryan, of Peoria (Edward R. Durree, of counsel), for appellee Paul E. Crnkovich.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Paul Crnkovich, brought a medical malpractice action against the defendants, Carlos Almeida, M.D., and Graham Hospital Association. The plaintiff alleged that the defendants' failure to properly observe and treat an infection that occurred at the site of his IV led to thrombophlebitis of the left wrist, staphylococcal epidural abscess and bacteria, resulting in quadriparesis, and necessitating surgical treatment including a cervical laminectomy for abscess drainage, and subsequently the bilateral removal of his prosthetic knee joints. As part of the pretrial discovery in the case, plaintiff intended to depose the nurses that were involved in the plaintiff's treatment. During the depositions of two of these nurses, Sharyl Ellis and Sharon Nuttall, the plaintiff's counsel posed questions concerning the relevant standard of nursing care. On advice of counsel, the nurses declined to answer the questions.

The plaintiff filed a motion to compel answers to the questions relating to the standard of care. In the motion, the plaintiff pointed out that he was alleging acts of negligence on the part of Graham Hospital nurses, including the failure to properly follow, chart, and bring to the attention of the plaintiff's treating physicians the redness and edema that developed at the site of a heparin lock in plaintiff's left wrist on or about February 8, 1992, and the failure to report to plaintiff's treating physicians a temperature spike that occurred shortly after midnight on February 12, 1990, that plaintiff alleges was a sign or symptom of the infection. The specific questions that defendant Graham Hospital's attorney objected to concerned:

(1) a nurse's duty to notify a doctor about his patient's temperature spikes;

(2) the required charting when a patient's IV or heparin lock comes out or is removed by the patient;

(3) whether a temperature spike in a patient such as the plaintiff to a level of 100.9 degrees required doctor notification;

(4) the nurse's understanding of nursing protocol and her personal practices in the filling out of the nursing discharge summary and the timing of the filling out of the nursing discharge summary; and

(5) whether a temperature spike to 100.9 in a patient with bilateral prosthetic knees would have been of special concern to the nurse, if she had been the attending nurse at the time.

Sharon Nuttall and Sharyl Ellis responded with a motion for protective order. They asserted in their motion that their own treatment of the plaintiff was not being criticized and that they should not have to answer opinion or standard of care questions as to matters taking place beyond their own treatment of the plaintiff. They argued that they should not be compelled to answer questions that essentially required them to review conduct of other Graham nurses.

The court made an oral ruling denying the nurses' motion for protective order and granting the plaintiff's motion to regulate discovery. The nurses moved for a reconsideration of the oral ruling. The court subsequently entered a written order to the same effect as the previous oral ruling. On the same day, the court entered another order finding Ralph Froehling, counsel for Graham Hospital and the two nurses, to be in contempt of court. In that order, the court stated that subsequent to the court's granting of the plaintiff's motion to regulate discovery, Froehling indicated that he would continue to advise Nuttall and Ellis to refuse to answer the questions. The court found Froehling in contempt of court and fined him $25. Nuttall, El-

lis, and Graham Hospital filed a motion to vacate the court's judgment; this motion was stricken by the court at plaintiff's request. Nuttall, Ellis, and Froehling then filed the instant appeal.

The appellants argue that a nonparty treating nurse may not be compelled in a medical malpractice action to give expert opinions that are driven by the litigation rather than the treatment given by the deponent. The appellants point out that Ellis only cared for the plaintiff on February 4 and 5, and any possible alleged negligence occurred subsequent to February 8. Nuttall cared for the plaintiff from 7 a.m. to 3 p.m. on February 12, the day of his dismissal from the hospital. The temperature spike had occurred earlier on the 12th, shortly after midnight. The appellants argue that questions that do not directly involve these nurses' care of the plaintiff, and involve the standard of care, are requesting expert opinions. The appellants assert that the plaintiff is seeking to take their intellectual property without just compensation. Further, the appellants rely on Supreme Court Rule 220 (134 Ill. 2d R. 220) and cases that have interpreted it. The appellants argue that those cases recognize a distinction between treatment-related opinions and litigation-related opinions, and that the opinions of the nurses in this case should be considered litigation-related.

Great latitude is allowed in the scope of discovery, and the concept of relevance is broader for discovery purposes than for purposes of the admission of evidence at trial, since it includes not only what is admissible at trial, but also that which leads to what is admissible. (*Pemberton v. Tieman* (1983), 117 Ill. App. 3d 502, 453 N.E.2d 802.) Rules governing pretrial discovery vest wide discretion in the trial court, and the appellate court will not disturb its exercise thereof, unless the appellant makes a clear, affirmative showing that it has been abused. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 377 N.E.2d 1125.

In *Fawcett v. Reinertsen* (1989), 131 Ill. 2d 380, 546 N.E.2d 558, our supreme court held that defendant-physicians who had not been disclosed as expert witnesses could nevertheless be compelled to give testimony at a discovery deposition regarding the relevant standard of care. The court relied on its previous decision in *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 529 N.E.2d 525, in which it held that treating physicians who testify to a medical opinion at trial are not expert witnesses within the meaning of Rule 220(b)(1) and need not be disclosed as expert witnesses. The *Tzystuck* court noted that Rule 220(b)(1) required disclosure of an expert retained to render an opinion at trial, and that treating physicians are not retained to render an opinion at trial, but rather are

consulted whether or not litigation is pending or contemplated. The *Fawcett* court applied the reasoning of *Tzystuck* to the case before it and concluded that defendant-physicians, like treating physicians, need not be disclosed:

"It can hardly be said that a defendant-physician has retained himself 'to render an opinion at trial'; his involvement in the case is clearly 'treatment-related' rather than 'litigation-related.' Consequently, he is not an expert witness within the meaning of Rule 220(b)(1), and the disclosure provisions of Rule 220(b)(1) do not apply." (*Fawcett*, 131 Ill. 2d at 384-85, 546 N.E.2d at 560.)

The court concluded that because defendant-physicians are not expert witnesses, they are subject to the discovery provisions that apply to ordinary witnesses, including the provision of Supreme Court Rule 201 (134 Ill. 2d R. 201) that "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action." The standard of care by which defendant-physicians' conduct is measured is admissible at trial and is an element of a cause of action for medical negligence, and therefore, the *Fawcett* court held, any opinion a defendant-physician may have as to standard of care is relevant and discoverable.

In the instant case, the nurses that plaintiff sought to depose regarding the standard of care were involved in the plaintiff's treatment. Although they were not individually named as defendants, Graham Hospital was a defendant, and a hospital can only act through its agents. Froehling admitted to the trial court that, effectively, the nurses were Graham Hospital. Applying the reasoning of *Fawcett* and *Tzystuck*, the involvement of these nurses in the case is treatment-related rather than litigation-related. The standard of care is an element of this cause of action, and any opinions the treating nurses have as to standard of care are relevant and discoverable.

As further support for our holding, we note a recent case from the First District Appellate Court that was not cited by either of the parties. In *Holston v. Sisters of the Third Order of St. Francis* (1993), 247 Ill. App. 3d 985, 618 N.E.2d 334, *appeal allowed* (1993), 152 Ill. 2d 559, 622 N.E.2d 1206, one of the allegations of medical negligence was that nurses should have notified a patient's treating physician when his vital signs became abnormal. Christine Carlson, the nurse who noticed the abnormal vital signs, notified her charge nurse, Pam Markin. Carlson had begun to notice problems at 4 p.m. Carlson told Markin that she was certain that the patient was in the early signs of cardiac tamponade and that the patient's doctor should be called. Markin responded that she would make the decision whether the

doctor needed to be called and that there was no evidence of tamponading. Markin declined Carlson's suggestions to call the doctor at 4:45 p.m. and again at 5 p.m. The doctor was not called until 6:20 p.m., after the patient's situation had deteriorated and she had become unconscious. The defendants sought to call Susan Burns, a charge nurse from a different shift, to testify about the standard of care for nurses. The plaintiffs responded that Burns was not a treater because she did not see the patient until after she became unconscious. An offer of proof showed that Burns would testify that there was no need to notify a doctor at 4 p.m. or 5 p.m. because the patient's vital signs were stable. The court barred Burns from testifying, on the basis that she had not been disclosed as an expert witness pursuant to Rule 220.

The appellate court found that the trial court had misapplied Rule 220 and that Burns should have been allowed to testify:

> "Cases have also held that persons who, although not occurrence witnesses, were intimately involved in the matter being litigated, were employed by a party when the cause of action arose, were known to the parties long before trial, and were equally available to all parties for the purposes of discovering his testimony, are not subject to the Supreme Court Rule 220 disclosure requirements. [Citations.] The rationale was that the identity of the witness was not a surprise [citation] and that the witness had not been retained as an expert for the purpose of litigation [citations].
>
> Nurse Burns was not hired by defendant or otherwise retained solely to give an opinion at trial. She was an occurrence witness to a part of defendant's medical treatment of decedent. Therefore, she need not have been disclosed as an expert under the rule. In addition, it would not have been unfair for Burns to testify about the standard of care for nurses because her identity was obviously known to plaintiffs, who called her as an adverse witness. *Plaintiffs could have deposed Burns as to the existence of any opinions about defendant's compliance with the standard of care.*" (Emphasis added.) (*Holston*, 247 Ill. App. 3d at 999, 618 N.E.2d at 343-44.)

Similarly, in this case, Nurses Nuttall and Ellis were occurrence witnesses to part of defendant Graham Hospital's medical treatment of the plaintiff. Like Nurse Burns, they were not on duty at the time the alleged negligence occurred, but were going to be asked whether nurses on duty at the relevant time should have notified a doctor. Under the *Holston* rationale, Nurses Ellis and Nuttall need not be disclosed as experts under Rule 220 and can be deposed as to any opinions regarding defendant Graham Hospital's compliance with the standard of care.

For the reasons stated, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

SLATER, P.J., and BRESLIN, J., concur.