129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
illiam KING, Plaintiff-Appellant,
v.
K. SHEPARD, Dr.; James Gomez; W. Van Zandt, Defendants.
 No. 96-16628.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-93-0085-EJG(GGH); Edward J. Garcia, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William King, a California state prisoner, appeals pro se judgment for defendant following a jury trial in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1983 and affirm.
 
 
 3
 Because no exceptional circumstances justified the appointment of counsel, the district court did not err by denying King's motion for appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990) (affirming denial of counsel to pro se prisoner alleging deliberate indifference to serious medical needs).
 
 
 4
 Because 28 U.S.C. § 1915 does not authorize the district court to waive the witness fee requirement of Fed.R.Civ.P. 45(b), the district court did not err by denying King's motion to waive payment of such fees. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam); see also CF & I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 496 (9th Cir.1983) (holding that witness fees must be tendered with the subpeona request).
 
 
 5
 Because King's proposed jury instructions premised liability on principles of negligence and medical malpractice, the district court correctly rejected these jury instructions in King's § 1983 action. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that medical malpractice does not establish deliberate indifference); Wood, 900 F.2d at 1334 (stating that gross negligence does not establish deliberate indifference); see also Abromson v. American Pac. Corp., 114 F.3d 898, 902 (9th Cir.1997) (stating that jury instructions must be formulated so that they correctly state the law).
 
 
 6
 Insofar as King appeals the district court's denial of his motion for an extension of time to conduct discovery, we conclude that the district court correctly denied this motion where King made his request nine months after the deadline for concluding discovery had passed. Insofar as King appeals the district court's failure to appoint an expert witness, we conclude that the King has waived this issue by not seeking appointment of an expert witness before the district court.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal