## In re STRATOSPHERE CORPORATION SECURITIES LITIGATION.

### No. CV–S–96–708–PMP–RLH.

United States District Court,
D. Nevada.

Jan. 7, 1999.

Kevin P. Roddy, Milberg, Weiss, Bershad, Hynes & Lerach LLP, Los Angeles, CA, William S. Lerach, Spencer A. Burkholz, San Diego, CA, Jules Brody, Edward P. Dietrich, Stull, Stull & Brody, New York City, co-lead counsel, G. Mark Albright, Albright, Stoddard, Warnick & Albright, Las Vegas, NV, Eleissa C. Lavelle, Lavelle-Stubberud & Associates, Las Vegas, NV, Liaiso counsel, for plaintiffs.

Kirk B. Lenhard, Kim Boyer, Jones, Jones, Close & Brown, Las Vegas, NV, Mar Washton, Gareth T. Evans, James P. Maniscalco, Gibson, Dunn & Crutcher LL, Los Angeles, CA, for Grand Casinos, Inc., Lyle A. Berman, Stanley Taube, David R. Wirshing, Thomas A. Lettero, Andres S. Blumen and Thomas G. Bell.

Dennis L. Kennedy, Laurel E. Davis, Lionel Sawyer & Collins, Las Vegas, NV, Martin Glenn, Scott A. Schrader, Alfred P. Levitt, O'Melveny & Myers, New York City, Seth Aronson, David R. Garcia, O'Melveny & Myers, Los Angeles, CA, for BT Securities Corporation and Montgomery Securities.

Michael R. Mushkin, Mark C. Hafer, Mushkin & Hafer, Las Vegas, NV, Randy G. Gerchick, Hughes, Hubbard & Reed, Los Angeles, CA, for Bob Stupak, Bob Stupak Enterprises, Inc.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is Plaintiffs' **Motion to Compel Deposition Testimony of Chuck Di Rocco** (# 228, filed November 25, 1998). It is supported by the Declaration of Steven B. Chroman (# 229, filed November 30, 1998). Defendants' Opposition to Plaintiffs' Motion to Compel ... (# 231) was filed December 14, 1998. A Joinder of Chuck Di Rocco (# 232), to Defendants' Opposition, was filed on December 14, 1998. Plaintiffs filed their Reply ... (# 234) on December 28, 1998.

## BACKGROUND

Plaintiffs' Second Amended Complaint alleges, *inter alia*, that Defendants made false, misleading and unreasonable statements regarding the Stratosphere Hotel's earnings and revenue projections and that these statements were disseminated to the public through the media. Defendants have generally denied making any such projections through the media.

An article, entitled *You Ain't Seen Nothing Yet! If Berman Did Jolson*, was published in the April 20, 1996, issue of GAMING TODAY. It was written by the publisher of that periodical, Chuck Di Rocco. In the article, Mr. Di Rocco wrote, "When Stratosphere opens, expect gross revenues for the first quarter to hit $65 million with an EBITDA (earnings before interest, taxes, depreciation and amortization) of $19 million."

Mr. Di Rocco has refused to voluntarily authenticate the contents of the article, identify his source(s) or attend his subpoenaed deposition, invoking Nevada Revised Statute 49.275—the news media privilege.[1] Plaintiffs submit declarations by two of the individual defendants (Berman and Blumen), filed in June 1998, in connection with a motion for summary judgment, in which each denies making any earnings or revenue projections to members of the media, investment community, or financial analysts.

Plaintiffs contend that the deposition of Mr. Di Rocco is required to prove their claim that Defendants made false and misleading statements regarding earnings and revenue projections which were disseminated through the media to the public.

## DISCUSSION

■ Plaintiffs do not deny the existence of the privilege. Rather, they argue that the privilege is not absolute, but is a "qualified privilege." *Farr v. Pitchess*, 522 F.2d 464, 468 (9th Cir.1975) interpreting *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). Once the privilege is invoked, Plaintiffs acknowledge that the burden then shifts to the requesting party to demonstrate a sufficiently compelling need to overcome the privilege. *Cf. Shoen v. Shoen*, 5 F.3d 1289 (9th Cir.1993) (*Shoen I* ) and *Shoen v. Shoen* 48 F.3d 412 (9th Cir.1995) (*Shoen II* ).

In the face of Defendants' argument that Nevada's media privilege law applies, Plaintiffs claim that this is a federal question case,

---

1. NRS 49.275 states, in pertinent part as follows: "No reporter ... may be required to disclose any published or unpublished information obtained or prepared by such person in such person's professional capacity in gathering, receiving or processing information for communication to the public, or the source of any information procured or obtained by such person, in any legal proceedings...."

based on the violation of federal securities laws. Thus, Federal Rule of Evidence 501 provides that issues of privilege are governed by principles of common law as interpreted by courts of the United States.

*Shoen II* set forth a three prong test by which a party can overcome the journalist's privilege, stating, "[W]here information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 416.

Plaintiffs argue that they have met the three-prong test. The information is clearly relevant to their claims. The information is not cumulative in that it does not merely add to other testimony. And, finally, since declarations by Berman and Blumen have denied disseminating such information through the media, Plaintiffs argue they have no way of verifying that Di Rocco's source was one of the Defendants or that the information they provided was accurately published.

Defendants and Mr. Di Rocco dispute strongly Plaintiffs' arguments. First, they note that the case presents both federal and state law issues, including claims for violations of Nevada's state racketeering laws. In such cases the Court must apply both state and federal privilege laws to such an action. *Los Angeles Memorial Coliseum Comm. v. National Football League*, 89 F.R.D. 489, 491–92 (C.D.Cal.1981) (California's journalist's privilege law applied to an action based primarily on federal antitrust law; public interest in protecting journalists' confidential sources even stronger in civil cases than criminal cases).

Some circuits have held that federal courts should look to state privilege laws for guidance, even where the court's jurisdiction is based solely on a federal question. *See, e.g., Riley v. City of Chester*, 612 F.2d 708, 715 (3d Cir.1979); *Baker v. F & F Investment*, 470 F.2d 778, 781–82 (2d Cir.1972). Although this Court is not bound to follow Nevada law in determining whether a report-er should be compelled to disclose his or her sources, when dealing with purely federal issues of law, it should not ignore Nevada's public policy, as expressed in its statute, of providing reporters protection from divulging their sources. In writing his article for Nevada publication, clearly Mr. Di Rocco had a reasonable expectation that he would be protected by Nevada's media privilege law.

While the Ninth Circuit appears to provide more limited protection of the reporter's privilege than does the State of Nevada, even the Ninth Circuit provides that the privilege shall only yield in the most exceptional cases.

> The test we adopt must therefore ensure that compelled **disclosure is the exception, not the rule.** As the District of Columbia Circuit has observed, "in the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege. Indeed, if the privilege does not prevail **in all but the most exceptional cases,** its value will be substantially diminished." *Zerilli [v. Smith]*, 656 F.2d [705] at 712 (footnote omitted).

*Shoen II*, 48 F.3d at 416 (emphasis added).

The court in *Shoen II* went on to point out that, "the cases setting forth tests for determining whether the needs of a civil litigant should prevail over the privilege involve confidential informants." *Id.*

The *Shoen II* court then notes that the Second Circuit's "test for determining whether a journalist must disclose a confidential source in a civil case ..." requires a "clear and specific showing" that the information is material, relevant, critical to maintenance of the claim, and not obtainable anywhere else. *Id.* The Ninth Circuit also noted, following the enumeration of the three-prong test, "that there must be a showing of actual relevance; a showing of potential relevance will not suffice." *Id.*

Finally, quoting from its *Shoen I* decision (5 F.3d at 1296–98), the Ninth Circuit reiterated that it had "held that the plaintiffs had failed to demonstrate a sufficiently compelling need for the information to overcome [the reporter's] assertion of the journalist's privilege. We concluded that, **at a minimum, plaintiffs had to depose [the defen-**

dant] before seeking [the reporter's] tapes and notes." *Shoen II*, 48 F.3d at 414 (emphasis added).

Defendants and Mr. Di Rocco correctly argue that Plaintiffs have failed to show that this is an exceptional case. For their argument that the information cannot be obtained any other place, Plaintiffs rely on declarations of only two of the named defendants. Furthermore, these declarations only contain general denials of disclosure to the media of financial projections and they were prepared in connection with a motion for summary judgment. Thus, they are not directly or specifically responsive to the issue of Mr. Di Rocco's article. In addition, although Plaintiffs have deposed Mr. Berman, they asked no questions regarding his alleged conversations with Mr. Di Rocco or the potential source of Di Rocco's statements. There is no information whether other named defendants have been deposed or whether such inquiry has been directed to them. Accordingly, there is no clear or specific showing that the information sought is not obtainable from other sources, or that Plaintiffs have exhausted other potential sources. Neither is there a showing that Mr. Di Rocco could not have formulated his own projections from other, publicly available, sources.

■ Defendants and Mr. Di Rocco further argue that the subpoena and notice of deposition are defective. The failure to pay witness and mileage fees, required by Fed.R.Civ.P. 45(b)(1) renders service incomplete. *Cf., also, CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir.1983).

■ Mr. Di Rocco was apparently not served with the subpoena until November 18, 1998, six days before the scheduled deposition on November 24, 1998 (including the weekend), even though Plaintiffs knew Mr. Di Rocco was contesting any taking of his deposition. Defendants were apparently not served until November 19, five days before the deposition. While Fed.R.Civ.P. 30(b)(1) only requires "reasonable notice," in this case the Court finds the notice unreasonably short. *Cf.* William W. Schwarzer, *et al.*, CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 11:360 (The Rutter Group 1998)

("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected.").

Based upon the foregoing, the Court finds that Plaintiffs have not met their burden of showing that the reporter's privilege, extended to Mr. Di Rocco, should yield.

Accordingly, for good cause appearing, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel Deposition Testimony of Church Di Rocco (# 228) is **denied.**