MICHAEL P. HOLMES, a Minor by his Father, Michael B. Holmes, Plaintiff-Appellant, v. TROY R. ANGUIANO, Defendant-Appellee (Sam Anguiano, Defendant).

Third District   No. 3—88—0014

Opinion filed September 30, 1988.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Richard L. Rumsey, of counsel), for appellant.

Garrison, Fabrizio & Hanson, Ltd., of Joliet (James R. Fabrizio, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Following a jury verdict in favor of the defendant, the plaintiff filed a motion for judgment notwithstanding the verdict or for a new trial. In support of the motion, the plaintiff alleged the court abused its discretion in granting the defendant's motion *in limine* which barred him from introducing evidence of the defendant's felony conviction for purposes of impeachment. We reverse and remand for a new trial.

Michael Holmes suffered injuries when his bicycle was struck by the defendant's automobile. A negligence action filed on Michael's behalf alleged the defendant's negligence was the cause of the accident. Prior to trial, the defendant filed a motion *in limine*, seeking to preclude the plaintiff from submitting evidence of his 1984 conviction for attempted robbery. The defendant argued that the conviction did not bear upon his credibility in this case and, furthermore, that there was no substantial issue as to his credibility. The court granted the motion and the case proceeded to trial. The relevant testimony is set out below.

The plaintiff, who was 14 years old at the time of the accident,

testified that he and his cousin were riding bicycles on 143rd Street, which is a two-lane road. He testified that he was riding his bicycle in the center of the right-hand lane and his cousin was riding on the shoulder, both traveling east, when he noticed that the defendant's car was approaching in the right-hand lane. The plaintiff stated that he then gradually moved all of the way over into the left-hand lane of the road, where there was no west-bound traffic, to let the defendant have the right-hand lane. He testified that he did not think the defendant could move into the left lane to pass him because they were in a "no passing" zone. The plaintiff testified that after he moved completely into the west-bound lane, he was struck by the defendant's car. He stated he did not hear the defendant sound his horn or screech his tires, and the defendant did not have his turn signal on.

The defendant's testimony differed from the plaintiff's in several respects. The defendant stated that the plaintiff initially was riding on the right half of the east-bound lane, near the shoulder, and that he sounded his horn twice before attempting to pass the boys. He further testified that as he began to pass, the plaintiff suddenly turned his bicycle to the left and immediately in front of the car. The defendant told the jury that he then slammed on his brakes and veered to the left, but struck the plaintiff before the car landed in a ditch.

Kathy Bengston, a witness to the accident who was traveling in the east-bound lane behind the defendant, also testified at trial. She stated that the plaintiff was riding in the center of the east-bound lane when the defendant began to pass him. The defendant did not use his turn signal and she did not hear the defendant sound his horn. The witness testified that as the car began to pass, the plaintiff suddenly stood up and made a sharp turn to the left and in front of the car. Although the defendant's car continued to veer to the left, the passenger side of the car struck the boy.

Michael Anguiano, the defendant's brother, was riding in the defendant's car when the accident occurred. At trial, he testified that the plaintiff was riding in the center of the east-bound lane of traffic as the defendant approached. As the car began to pass, the witness stated, the plaintiff swerved directly in front of it and was struck. He further testified that the defendant did not slam on his brakes prior to the accident.

Roy Walters, who was riding his bicycle in front of the plaintiff, testified that before the defendant's car struck the plaintiff, he did not hear the defendant sound his horn or screech his tires. He also stated that when the car struck the plaintiff, it was straddling the east- and west-bound lanes.

The jury entered a verdict for the defendant and against the plaintiff, who then filed a motion for judgment notwithstanding the verdict or for a new trial. Following the trial court's denial of the motion, the plaintiff filed the instant appeal.

The plaintiff argues that the trial court committed reversible error by not allowing him to impeach the defendant with a prior felony conviction involving dishonesty. According to the plaintiff, because he and the defendant provided contrary versions of the events leading up to the accident, the credibility of the witnesses was of utmost importance and he should not have been precluded from impeaching the defendant with his recent conviction. The defendant argues that the evidence did not present a significant issue as to his credibility and that the trial court did not abuse its discretion by preventing the plaintiff from introducing evidence of his prior conviction. We agree with the plaintiff.

■ This issue is governed by the rule enunciated in *People v. Montgomery* (1971), 47 Ill. 2d 510, and expanded in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585. In *Montgomery*, the Illinois Supreme Court adopted proposed Federal Rule of Evidence 609 (Fed. R. Evid. 609) and held that a prior conviction may be used to impeach a witness if the crime (1) was punishable by death or imprisonment in excess of one year, or (2) involved dishonesty or false statement regardless of punishment, unless (3) in either case the trial court determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. Evidence of the conviction is not admissible if more than 10 years has elapsed since the date of conviction or the release of the witness from confinement, whichever is later. (*Montgomery*, 47 Ill. 2d at 516.) In *Knowles*, the supreme court held that proposed Rule 609, as adopted in *Montgomery*, applied to civil as well as criminal cases.

■ Three years before he testified, the defendant was convicted of a felony, attempted robbery, and sentenced to five years' probation. Under the rule adopted by our supreme court in *Montgomery*, any felony conviction is presumed to relate to testimonial deceit and is admissible. Even prior felony convictions of crimes not based on false statement or dishonesty are relevant to the issue of credibility because they establish a disposition on the part of the witness to place advancement of his interests ahead of the interests of society, and may suggest a willingness to do so again on the witness stand. (*People v. Marron* (1986), 145 Ill. App. 3d 975.) Additionally, our supreme court has previously stated that there is little doubt that theft reflects adversely on one's honesty and therefore bears a reasonable relation-

ship to one's ability to be truthful under oath. (*People v. Spates* (1979), 77 Ill. 2d 193.) The defendant's conviction therefore clearly meets the test enunciated in *Montgomery*. The balancing of the probative value of the evidence against the danger of unfair prejudice is a matter for the trial court's sound discretion, but we find that given the circumstances of this case, the trial court abused its discretion by excluding evidence of the defendant's conviction.

The defendant's testimony and credibility were of utmost importance in the jury's determination because the defendant's testimony varied significantly from the plaintiff's testimony and was not fully corroborated by the testimony of the other witnesses. Furthermore, evidence of the defendant's conviction could have been considered by the jury only insofar as it related to the defendant's credibility as a witness. The defendant has failed to explain how the danger of any unfair prejudice would substantially outweigh the probative value of the evidence, or even show that introduction of the evidence would have subjected him to unfair prejudice.

■ The purpose behind the impeachment rule is to provide relevant information on the issue of a witness' credibility. The defendant's prior felony conviction for attempted robbery was relevant to that issue in this case. If we were to conclude that the defendant's conviction was properly excluded here, it is difficult to imagine a case where introduction of a prior felony conviction would be considered proper impeachment. Therefore, we do not believe the trial court correctly determined the probative value of this evidence. We find the court abused its discretion in granting the motion *in limine* and excluding evidence of the defendant's conviction. Accordingly, the judgment in favor of the defendant must be reversed and the cause remanded for a new trial.

Reversed and remanded.

STOUDER, P.J., and WOMBACHER, J., concur.