MICHAEL J. HOUSH, Plaintiff-Appellant, v. JENNIFER L. BOWERS,
Defendant-Appellee.

Third District    No. 3—94—0426

Opinion filed April 18, 1995.

Rooks, Pitts & Poust, of Joliet (Robert R. Gorbold, of counsel), for appellant.

James Scott McMahon and Donald Stellato, both of Stellato & Schwartz, Ltd., of Chicago (Esther Joy Schwartz, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Michael Housh filed a negligence action against Jennifer Bowers for injuries he sustained when their vehicles collided at an intersection. The jury returned a verdict for Bowers. Housh appeals. We reverse and remand.

At approximately 9:25 a.m. on February 17, 1990, a 1982 GMC dump truck driven by Michael Housh collided at the intersection of Illinois Route 59 and 95th Street with a 1982 Ford Crown Victoria station wagon driven by Jennifer Bowers. Prior to the accident,

Housh had been driving south on Route 59, a two-lane highway, between 50 and 55 miles per hour; the posted speed limit was 55 miles per hour. The weather was clear; the pavement was dry, and neither driver's view of the intersection was obstructed.

Housh testified that he had seen Bowers' car stop at the intersection and that Bowers and her passenger appeared to look in his direction. When he was 15 to 20 feet from the intersection, Housh saw Bowers' car start to cross the intersection. He swerved and attempted to apply his brakes, but did not sound his horn. He estimated his speed at 45 to 50 miles per hour when the left front portion of his truck hit the right front portion of Bowers' car. Both vehicles came to rest facing south, with Housh's truck in a ditch along the east side of Route 59 and Bowers' car on the shoulder of the southbound lane of Route 59. The investigating police officer found no skid marks prior to the point of impact.

When the accident occurred, Bowers was 16 years old and had been driving for about two months. On the morning of the accident, she had been travelling west on 95th Street and had stopped at a stop sign at the intersection of 95th Street and Route 59. She testified that she had waited there "quite a while" for traffic and had accelerated slowly into the intersection when traffic was only at a distance. She estimated that in four to five seconds she had moved 16 to 19 feet into the intersection when her passenger shouted "Truck!" and Bowers saw Housh's truck for the first time.

At trial, Bowers described the truck's speed as "high" and "really fast," which she considered to be 50 or 55 miles per hour. She stated that she had not heard a horn or screeching tires prior to impact. Despite her attempt to avoid the collision by applying her brakes and swerving to the left, the two vehicles collided shortly after she saw the truck.

After the accident, Housh was taken to the emergency room, where he was treated for injuries he sustained when he was thrown against the lap belt he had been wearing. His family physician, Dr. Ronald Cheff, treated him for back pain and referred him to Dr. Gene Neri, a neurologist, when his condition failed to improve. Dr. Neri conducted several tests, including two electromyography (EMG) tests. The EMG results were abnormal and indicated nerve root damage in Housh's lower back. After Dr. Neri told Housh not to return to work as a concrete construction laborer, Housh was unemployed from February 17, 1990, to November 12, 1991, when he went to work for a new employer without medical approval.

Bowers pleaded guilty to failure to yield the right-of-way and was placed under court supervision. Housh subsequently filed this negligence action against Bowers.

The trial court denied Housh's motion *in limine* to exclude evidence of his five-year-old felony conviction for possession of a controlled substance with intent to deliver, and evidence of the conviction was admitted at trial. Also at the trial, the court refused to admit the testimony of Dr. Cheff and Dr. Neri concerning the permanence of Housh's back injury because they had not recently examined him. The jury returned a general verdict for Bowers.

## ADMISSION OF A PRIOR FELONY CONVICTION

On appeal, Housh first argues that denial of his motion *in limine* to exclude evidence of his prior felony conviction was reversible error.

To determine the admissibility of a prior conviction for impeachment purposes, the supreme court has adopted a three-part test derived from proposed Federal Rule of Evidence 609. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 519, 268 N.E.2d 695, 698, 700.) This test was extended to civil cases in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 590, 363 N.E.2d 805, 808. To be admissible for purposes of impeachment under the current Rule 609, (1) the conviction must have been for a felony or other appropriate crime, (2) it had to have occurred less than 10 years before the witness' testimony, and (3) the probative value of the conviction must outweigh its prejudicial effect on the jury.

Because Housh's conviction satisfies the first and second prongs of the *Montgomery* test, the third prong is critical. An appellate court will reverse a ruling on a motion to exclude a prior conviction if the trial court abuses its discretion. *Baldwin v. Huffman Towing Co.* (1977), 51 Ill. App. 3d 861, 863, 366 N.E.2d 980, 982.

In denying Housh's motion *in limine* to exclude evidence of his conviction, the trial judge relied on *Holmes v. Anguiano* (1988), 174 Ill. App. 3d 1081, 529 N.E.2d 300, *appeal denied* (1989), 124 Ill. 2d 554, 535 N.E.2d 914. In *Holmes*, the court reversed the grant of the defendant's motion *in limine* to exclude evidence of his prior felony conviction for attempted robbery. (*Holmes*, 174 Ill. App. 3d at 1085, 529 N.E.2d at 303.) The court ruled that the conviction was admissible because it demonstrated the defendant's willingness "to place advancement of his interests ahead of the interests of society, [which] may suggest the willingness to do so again on the witness stand." (*Holmes*, 174 Ill. App. 3d at 1084, 529 N.E.2d at 302.) On appeal, Bowers contends that *Holmes* controls this case because Housh's drug conviction shows his willingness to advance his own interests over those of society.

In *People v. Williams* (1994), 161 Ill. 2d 1, 641 N.E.2d 296, the

supreme court recently undertook an extensive review of *Montgomery* and critiqued its subsequent application by the appellate court. The court rejected the blanket justification used in *Holmes* that a prior felony conviction "establishes a disposition to place self-interest ahead of the interest of society" and decried the "increasingly mechanical application" of this rationale as contrary to the principles in *Montgomery*. (*Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 312.) The touchstone for the admissibility of a prior conviction is the relationship between the crime and the likely truthfulness of the witness.

The *Williams* court reviewed several factors from the committee comments to Rule 609 in determining whether to admit evidence of a prior conviction and added that " '[i]n common human experience, acts of deceit, fraud, cheating, or stealing *** are universally regarded as conduct which reflects adversely on a man's honesty and integrity.' " *Williams*, 161 Ill. 2d at 37, 641 N.E.2d at 311, quoting *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, 940, *cert. denied* (1968), 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421.

Applying these principles to the instant case, we find that *Holmes* is distinguishable and the trial court erred in relying on it. The nature of the convictions in *Holmes* and this case bear different relationships to a witness' veracity and credibility. The attempted robbery conviction in *Holmes* is more closely linked to testimonial dishonesty than the drug conviction in this case.

In *Baldwin v. Huffman Towing Co.* (1977), 51 Ill. App. 3d 861, 366 N.E.2d 980, the court affirmed the exclusion of the plaintiff's $4^1/2$-year-old drug conviction for possession of heroin because the potential for prejudice "far outweigh[ed]" the probative value of the conviction when no evidence was offered at trial to show that the underlying car accident was drug-related. The court held that a drug conviction is unduly harmful because society presumes that "narcotics addicts are notorious liars" and that "once a user or addict always a user or addict." *Baldwin*, 51 Ill. App. 3d at 864, 366 N.E.2d at 982.

■ Although the specific drug crimes in *Baldwin* and the instant case differ, the probative value and prejudicial effect of these crimes are substantially similar. No evidence was presented to show that Housh had any subsequent convictions, had used or possessed illegal drugs since his conviction, or that the accident was related to drugs.

Because the prejudicial effect of a drug conviction is particularly harsh in a civil case where drugs are not involved, we hold that the trial court abused its discretion in denying Housh's motion *in limine*. The record shows that admitting Housh's conviction unduly tainted the jury's verdict because the evidence was largely undisputed and not favorable to Bowers. The probative value of Housh's conviction

was substantially outweighed by the risk of unfair prejudice. On remand, Housh's prior conviction should not be admitted for purposes of impeachment.

## EXPERT TESTIMONY REGARDING PERMANENCE OF INJURIES

Although we remand this cause for a new trial on other grounds, we feel it appropriate to offer guidance to the trial court and the parties concerning the testimony of two of Housh's treating physicians on the nature, extent and permanence of his injuries to avoid a subsequent appeal on that issue.

Relying on *Henricks v. Nyberg, Inc.* (1976), 41 Ill. App. 3d 25, 353 N.E.2d 273, the trial court excluded testimony from Dr. Cheff and Dr. Neri concerning Housh's "risk of future problems" because nearly three years had passed since they had treated him. In *Henricks*, the court excluded medical testimony regarding the plaintiff's prognosis because the doctor had only treated him for three weeks and had not examined him in the three years preceding trial.

Housh argues that the trial court should have followed *Thurmond v. Monroe* (1992), 235 Ill. App. 3d 281, 291, 601 N.E.2d 1048, 1055, *aff'd* (1994), 159 Ill. 2d 240, 636 N.E.2d 544, and allowed the physicians' testimony. In *Thurmond*, evidence was admitted as to the permanence of an injury without a recent examination based on the court's distinction between the "permanence" of an injury and the patient's "prognosis."

We feel that both of these holdings are too narrow and follow instead the recent decision in *Marchese v. Vincelette* (1994), 261 Ill. App. 3d 520, 526, 633 N.E.2d 877, 881, *appeal denied* (1994), 157 Ill. 2d 504, 642 N.E.2d 1283, in which the court held that the time interval between the plaintiff's last examination and the trial goes to the weight given to the physician's testimony, not to its admissibility.

■ In the instant case, Housh had been treated by Drs. Cheff and Neri for over a year, and extensive tests had been conducted, including two EMGs. Based on these tests, the physicians concluded that Housh's condition would not change substantially over time, and Dr. Neri stated that his medical opinion was unlikely to vary if he were to reexamine Housh.

On remand, the trial court should admit the testimony of Drs. Cheff and Neri concerning the permanence, nature, and extent of Housh's injury. The passage of time between the physicians' examinations of Housh and the trial properly goes to the weight of their testimony.

## CONCLUSION

Because we reverse and remand this cause on other grounds, we need not address the other issues before us.

For the reasons stated, the judgment of the circuit court of Will County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

McCUSKEY and SLATER, JJ., concur.