CATHERINE O'BRYAN, Plaintiff-Appellant, v. BURDETTE SANDROCK, Defendant-Appellee.

Third District    No. 3—95—0276

Opinion filed November 9, 1995.

Pignatelli & Liston, of Rock Falls (Patrick J. Liston, of counsel), for appellant.

Ludens, Potter & Burch, of Morrison (Thomas J. Potter, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, Catherine O'Bryan (plaintiff), filed a negligence action against defendant-appellee, Burdette Sandrock (defen-

dant), for personal injuries sustained in an automobile accident. The trial court entered judgment on the verdict for defendant. Plaintiff appeals contending, *inter alia*, the trial court erred by admitting evidence of plaintiff's felony cocaine possession conviction for impeachment purposes. We agree and reverse and remand for a new trial.

This suit arose out of an automobile accident which occurred on November 10, 1989. Plaintiff testified she was driving her automobile on Route 78 towards Prophetstown when a truck driven by defendant entered the road in front of her. She stated she was approximately 30 to 40 feet from defendant's truck when it suddenly entered the roadway. As a result, plaintiff slammed on her brakes and swerved to miss defendant's truck. Her vehicle went into a ditch and she suffered injury. Plaintiff claims to have been travelling at a rate of 25 miles per hour when the accident took place. She states she did not have time to sound her horn. Road conditions were good, traffic was light and the accident occurred during the light of day.

Defendant testified he looked in both directions before entering the road but did not see plaintiff's vehicle. Defendant believed he was fully in his lane when he heard the sound of screeching tires coming from behind him. Defendant then looked in his rearview mirror and saw plaintiff's car veer off the road. One other witness testified to seeing the accident from inside his home.

Plaintiff submitted a motion *in limine* requesting that the trial court deny admission of her felony cocaine possession conviction for impeachment purposes. The trial court denied her request. At the jury instruction conference, defendant submitted instructions, over objection, regarding the statutory general speed restrictions and failure to give an audible warning when necessary. The trial court submitted both instructions to the jury. The jury found for defendant. Plaintiff's post-trial motion was denied. Plaintiff now appeals.

The central issue on appeal concerns the admissibility of plaintiff's felony cocaine possession for impeachment purposes. Plaintiff contends the trial court abused it discretion by admitting such conviction in light of *People v. Williams* (1994), 161 Ill. 2d 1, 641 N.E.2d 296, and *Housh v. Bowers* (1995), 271 Ill. App. 3d 1004, 649 N.E.2d 505. We agree.

■ To determine the admissibility of a prior felony conviction for impeachment purposes, our supreme court has adopted the three-part test derived from Federal Rule of Evidence 609. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) To be admissible for impeachment purposes, (1) the conviction must have been for a felony, (2) it must have occurred less than 10 years before the witness' testimony, and (3) the probative value of the conviction must

not be substantially outweighed by its potential prejudicial effect. This test for admissibility was subsequently extended to civil cases in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805.

In the present case, plaintiff was convicted of felony cocaine possession within 10 years of her testimony. Thus, only an analysis of the third prong of the *Montgomery* test is in order. Under the third prong, the trial court must consider factors relative to the particular case before it to ensure that the danger of undue prejudice from allowing such evidence does not substantially outweigh its probative value as to the witness' credibility. (See *People v. Williams* (1994), 161 Ill. 2d 1, 36, 641 N.E.2d 296, 311.) Here, this necessary analysis was simply not conducted at the trial court level. The trial court only determined that "[plaintiff's] credibility would be at issue and therefore her prior felony conviction is admissible to impeach her credibility." A trial court's decision on the admissibility of such a conviction will only be reversed upon a showing of an abuse of discretion. (*Baldwin v. Huffman Towing Co.* (1977), 51 Ill. App. 3d 861, 366 N.E.2d 980.) For the following reasons, we believe the trial court erred in its analysis and abused its discretion in its decision to admit.

■ Defendant suggests that the critical factor in determining admissibility rests with the evidentiary weight of the dispute. According to defendant, the common thread running through the cases excluding prior convictions is that the evidence was largely uncontroverted. (See *Ashby v. Price* (1983), 112 Ill. App. 3d 114, 445 N.E.2d 438; *Housh v. Bowers* (1995), 271 Ill. App. 3d 1004, 649 N.E.2d 505.) Defendant contends, as the trial court found, that since this case is "hotly disputed," then such evidence should have been admitted for impeachment purposes. We disagree and find that the weight of the evidence affects only whether any claimed error was reversible or harmless, not whether the conviction was probative of credibility.

In this regard, our supreme court decision in *People v. Williams* (1994), 161 Ill. 2d 1, 641 N.E.2d 296, is instructive. In *Williams*, the court revisited *Montgomery* and examined its application by the appellate court. The court rejected the mechanical approach to admissibility and instructed the lower courts to examine the nexus between the nature of the conviction and testimonial credibility as a touchstone to admissibility. As the court aptly stated: "[t]he focus of *Montgomery* was on crimes which bear upon the defendant's truthfulness as a witness." *Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 312.

■ With these principles in mind, we believe that a felony drug possession conviction bears little, if any, relation to veracity and is thus only remotely probative, if at all, of truthfulness. On the other hand, the danger of unfair prejudice in admitting such evidence

looms large. As we recently stated in *Housh v. Bowers* (1995), 271 Ill. App. 3d 1004, 649 N.E.2d 505, the admissibility of a drug conviction for impeachment purposes is "unduly harmful because society presumes that 'narcotics addicts are notorious liars' and that 'once a user or addict always a user or addict.'" *Housh*, 271 Ill. App. 3d at 1007, 649 N.E.2d at 505, quoting *Baldwin v. Huffman Towing Co.* (1977), 51 Ill. App. 3d 861, 864, 366 N.E.2d 980, 982.

Under factors substantially similar to those which exist in the present case, we recently held in *Housh v. Bowers* that the trial court abused its discretion by admitting impeachment evidence of plaintiff's five-year-old conviction for possession of a controlled substance with intent to deliver. (*Housh v. Bowers* (1995), 271 Ill. App. 3d 1004, 649 N.E.2d 505.) The only arguably relevant factual difference between the present case and *Housh* appears to be that in *Housh*, the felony conviction occurred before the cause of action arose, whereas here, the conviction occurred after the accident occurred, but 45 months before trial.

Defendant contends that this fact distinguishes the present case from *Housh* and others which disapprove of admitting felony convictions as evidence of credibility. We find this distinction irrelevant under the *Williams* analysis, which looks to the nature of crime as it relates to credibility, not to the time when the conviction took place. *Montgomery* established the 10-year rule as the time criterion for admissibility. The fact that a crime occurs 1 year before or 10 years before the witness' testimony does not affect whether such crime is probative of credibility. Under *Williams*, only the nature of the crime as it relates to credibility is at issue. *Housh* is therefore materially on point and we see no just reason for deviating from its logical conclusion.

Accordingly, we find the danger of unfair prejudice in admitting plaintiff's drug possession conviction substantially outweighed its probative value. Under the principles announced in *Williams* and under our recent decision in *Housh*, we hold the trial court abused its discretion by denying plaintiff's motion *in limine*.

Plaintiff raises other issues regarding jury instructions and manifest weight of the evidence. From our review of the evidence adduced at trial, we find no error in the instructions given or the sufficiency of the evidence presented. However, the admission of the conviction evidence was reversible error and thus should not be admitted on remand. For the foregoing reasons, the judgment of the circuit court of Whiteside County is reversed and remanded for a new trial.

Reversed and remanded.

SLATER and BRESLIN, JJ., concur.